■ In the Matter of MAUREEN M. MURPHY, Respondent, v JOHN B. WOODS, Appellant. [879 NYS2d 648]—

Appeal from an order of the Family Court, Onondaga County (George M. Raus, Jr., R.), entered February 25, 2008 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, modified the visitation provisions of a prior order.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Onondaga County, for a new hearing on the petition and cross petition in accordance with the following memorandum: Respondent father appeals from an order that, inter alia, granted the relief sought by petitioner mother and modified the visitation provisions of a prior order entered upon the stipulation of the parties. We agree with the father that Family Court erred in permitting a "licensed mental health counselor," who examined the parties' child and was called as a witness by the mother, to offer an opinion that was based in part upon his interviews with collateral sources who did not testify at trial. There are two exceptions to the general rule requiring that opinion evidence be based on facts in the record or on facts personally known to the witness: if the opinion is based upon out-of-court material "of a kind accepted in the profession as reliable in forming a professional opinion or if it comes from a witness subject to full cross-examination on the trial" (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726 [1984] [internal quotation marks omitted]). Neither exception applies in this case. At the fact-finding hearing, the expert testified that material portions of his opinion were based not only upon his interviews with the parties, but also were based on his interviews with collateral sources. On the record before us, we are unable to determine the extent to which the expert relied on those collateral source interviews in forming his opinion (*cf. Matter of Mohammad v Mohammad*, 23 AD3d 476, 476-477 [2005]). Furthermore, the collateral sources did not testify at trial, and there was no evidence establishing their reliability (*see generally Hambsch*, 63 NY2d at 725-726). We cannot conclude that the admission of the expert's opinion is harmless

error because, without the admission of that opinion or the testimony of the collateral sources, there is insufficient evidence in the record to support the court's determination. We therefore reverse the order and remit the matter to Family Court for a new hearing on the petition and cross petition before a different adjudicator. Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.