■ In the Matter of STATE OF NEW YORK, Appellant, v DANIEL FLAGG, a Patient at Central New York Psychiatric Center, Respondent. (Appeal No. 1.) [895 NYS2d 917]—Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 7, 2008 in a proceeding pursuant to Mental Hygiene Law article 10. The order determined, inter alia, that petitioner had failed to establish that respondent was a dangerous sex offender requiring confinement.

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered September 22, 2008 in a proceeding pursuant to Mental Hygiene Law article 10. The order discharged respondent to strict and intensive supervision and treatment upon various conditions.

It is hereby ordered that the order so appealed from is unanimously modified in the exercise of discretion by including conditions of strict and intensive supervision and treatment prohibiting respondent from fraternizing with persons known to have a criminal record, with the exception of those related to respondent by blood or marriage; prohibiting respondent from having any contact with persons under the age of 18, with the exception of those related to respondent by blood or marriage provided that another adult is present; prohibiting respondent from possessing or accessing pornography or sexually explicit materials in any form, including via the Internet; requiring respondent to notify his parole officer of any sexual relationship; and permitting respondent's parole officer to visit respondent at his place of employment and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to Mental Hygiene Law § 10.11 (a) (2).

Memorandum: Petitioner appeals from two orders entered pursuant to Mental Hygiene Law article 10. By the order in appeal No. 1, Supreme Court determined, inter alia, that petitioner had failed to establish by clear and convincing evidence that respondent was a dangerous sex offender (DSO) requiring confinement pursuant to Mental Hygiene Law § 10.03 (e) but that he was a sex offender requiring strict and intensive supervision pursuant to section 10.03 (r). By the order in appeal No. 2, the court discharged respondent to strict and intensive supervision and treatment (SIST) and set forth the conditions of SIST.

We reject petitioner's contention in appeal No. 1 that the court's determination that respondent was not a DSO is both inconsistent with the jury's verdict finding that respondent suffered from a mental abnormality and against the weight of the evidence. The mere fact that a jury found pursuant to Mental Hygiene Law § 10.07 (f) that respondent suffered from a mental abnormality within the meaning of section 10.03 (i) does not mandate a determination by the court that respondent is a DSO.

Here, the court was presented with the testimony of an expert for each party, and only the expert for petitioner was of the opinion that respondent had "an inability to control [his] behavior" (§ 10.03 [e]). The court discounted the testimony of petitioner's expert, concluding that she lacked the same level of education and experience as respondent's expert and that she relied exclusively on actuarial data without incorporating any clinical judgment. It is well settled that "[t]he extent of an expert's qualification is a fact to be considered by the trier of the fact[s] when weighing the expert testimony" (Felt v Olson, 74 AD2d 722, 722 [1980], affd 51 NY2d 977 [1980]; see Meiselman v Crown Hgts. Hosp., 285 NY 389, 398 [1941]; see also People v Jackson, 65 NY2d 265, 272-273 n 8 [1985]). The court's determination to credit the testimony of respondent and his witnesses and to discount the testimony and reports of petitioner's witnesses was within the court's province as the factfinder, and we see no basis to disturb that determination (see generally Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]; Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.], 20 AD3d 168, 170 [2005]).

Contrary to petitioner's further contention in appeal No. 1, the court did not err in admitting in evidence the written report of respondent's expert from a trial that resulted in a hung jury. Mental Hygiene Law § 10.08 (g) authorizes the admission of such reports where, as here, the report is certified and there is "a showing of the author's unavailability to testify, or other good cause."

We agree with petitioner with respect to appeal No. 2, however, that the court improvidently exercised its discretion in omitting certain conditions from the order of SIST. We note that, contrary to the assertion of respondent, petitioner's contention is properly before us (Mental Hygiene Law § 10.13 [b]; see CPLR 5501 [c]). We therefore modify the order by including conditions prohibiting respondent from fraternizing with persons known to have a criminal record, with the exception of those related to respondent by blood or marriage; prohibiting respondent from having any contact with persons under the age of 18, with the exception of those related to respondent by blood or marriage provided that another adult is present; prohibiting respondent from possessing or accessing pornography or sexually explicit materials in any form, including via the Internet; requiring respondent to notify his parole officer of any sexual relationship; and permitting respondent's parole officer to visit respondent at his place of employment, and we remit the matter to Supreme Court for proceedings pursuant to Mental

Hygiene Law § 10.11 (a) (2). Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.