GABRIELLE KABALAN, Respondent, v ALEXANDER HOG-HOOGHI, DDS, Appellant, et al., Defendant. [908 NYS2d 299]—

Appeal from a judgment of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 21, 2009 in a dental malpractice action. The judgment awarded plaintiff money damages against defendant Alexander Hoghooghi, DDS upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting the post-trial motion in part and setting aside the award of damages for past pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on damages for past pain and suffering only unless plaintiff, within 30 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for past pain and suffering to $130,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this dental malpractice action seeking damages arising from a third-degree burn to her face that she sustained while she was under anaesthesia during oral surgery for the removal of her wisdom teeth performed by defendant-appellant (defendant). The burn left a permanent scar located just below the right corner of plaintiff's lips. Although it is undisputed that the injury was caused by heat generated from an electric drill used by defendant, at trial different theories were advanced with respect to the precise manner in which the injury occurred. According to plaintiff, defendant inadvertently placed or brushed the hot tip of the drill against her lip, while defendant contended that he was not negligent because the injury occurred when a defective bur guard in the drill slipped out of place and overheated. The jury found defendant liable and awarded plaintiff damages in the amount of $207,255, which was almost entirely for plaintiff's past pain and suffering.

We reject the contention of defendant that Supreme Court erred in denying that part of his motion in limine seeking to strike the videotaped testimony of one of plaintiff's dental experts. Contrary to defendant's contention, the court properly determined that the dentist in question was qualified to give expert testimony for plaintiff. The record establishes that he had removed thousands of wisdom teeth during his 25 years of practicing dentistry, and we conclude that his conceded lack of experience with using the particular drill in question went "to the weight of his . . . opinion as evidence, not its admissibility" (*Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d 831, 831

[2005]; *see Williams v Halpern*, 25 AD3d 467, 468 [2006]). Defendant further contends that the court erred in denying that part of his motion in limine seeking to strike the videotaped testimony because it was inconsistent with the expert disclosure provided by plaintiff pursuant to CPLR 3101. We reject that contention as well. Although the expert disclosure included certain assertions and opinions that were not included in the expert's videotaped testimony, the relevant assertions and opinions included in the videotaped testimony, including the assertion that defendant rested a hot part of the drill against plaintiff's face, were set forth in the expert disclosure, and thus the court properly denied that part of defendant's motion in limine based on alleged inconsistency between the expert disclosure and the videotaped testimony (*see Miller v Galler* [appeal No. 2], 45 AD3d 1325, 1326 [2007]; *see generally Neumire v Kraft Foods*, 291 AD2d 784, 786 [2002], *lv denied* 98 NY2d 613 [2002]).

Also contrary to the contention of defendant in his post-trial motion, the court did not abuse its discretion in redacting, at plaintiff's request, certain portions of the videotape in which counsel for defendant questioned plaintiff's expert concerning various statements contained in the expert disclosure to which the expert did not testify at trial. The expert disclosure was drafted by plaintiff's counsel, not the expert himself, and it therefore does not constitute a prior inconsistent statement of the expert (*see Veneski v Queens-Long Is. Med. Group*, 285 AD2d 369 [2001]).

We further conclude that the court properly charged the jury on the theory of res ipsa loquitur over defendant's objection at the charge conference, and as contended by defendant in his post-trial motion. In his videotaped testimony, plaintiff's expert testified without contradiction that, in the absence of negligence by a dentist, a patient does not ordinarily sustain facial burns during the extraction of wisdom teeth. Also, there can be no dispute that the drill in question was in the exclusive control of defendant and that plaintiff was not in any way responsible for the injury. Thus, the three elements of res ipsa loquitur were present, rendering the charge appropriate (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-227 [1986]). The fact that defendant proffered a nonnegligent explanation for the injury does not preclude a res ipsa loquitur charge. It is well settled that a plaintiff who requests such a charge "need not conclusively eliminate the possibility of all other causes of the injury . . . Stated otherwise, all that is required is that the likelihood of other possible causes of the injury 'be so reduced

that the greater probability lies at defendant's door' " (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495 [1997]). We note that, although defendant testified at trial that the injury was likely caused when the drill's bur guard slipped out of place, he further testified that he never observed the bur guard in an improper position and, indeed, that it was in its proper place when he set it down after noticing the burn on plaintiff's face.

We further conclude that the court did not abuse its discretion in denying defendant's post-summation request for a jury charge on mitigation of damages. Defendant did not request that instruction during the presummation charge conference, and the issue was thus not addressed by plaintiff's counsel on summation. Under the circumstances, plaintiff would have been unduly prejudiced had the court granted defendant's request for the mitigation charge. We have examined defendant's remaining contentions with respect to the jury charge and conclude that they are without merit.

We agree with defendant, however, that the award of damages of $200,000 for past pain and suffering "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). Viewing the evidence in the light most favorable to plaintiff, we conclude that an award of $130,000 is the highest amount a jury could have awarded plaintiff for past pain and suffering. We therefore modify the judgment accordingly, and we grant a new trial on damages for past pain and suffering only unless plaintiff, within 30 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce that award to $130,000, in which event the judgment is modified accordingly. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.