██ In the Matter of STATE OF NEW YORK, Appellant, v DANIEL FLAGG, Respondent. [908 NYS2d 789]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered April 2, 2010 in a proceeding pursuant to Mental Hygiene Law article 10. The order directed that respondent be released from detention at the Onondaga County Correctional Facility under the oversight of the New York State Division of Parole.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petitions are granted to the extent that they seek a determination that respondent is a dangerous sex offender requiring confinement and an order for confinement pursuant to Mental Hygiene Law § 10.11 (d).

Memorandum: On a prior appeal, we affirmed an order determining that respondent is a detained sex offender who suffers from a mental abnormality pursuant to Mental Hygiene Law article 10 (*see* § 10.06 [k]; § 10.07 [a]), but that he was not a dangerous sex offender requiring confinement (*Matter of State of New York v Flagg* [appeal No. 1], 71 AD3d 1528 [2010]; *see*

§ 10.07 [f]). Also on a prior appeal, we modified an order discharging respondent to a regimen of strict and intensive supervision ([SIST] § 10.11), adding certain conditions to the SIST regimen (*Matter of State of New York v Flagg* [appeal No. 2], 71 AD3d 1528 [2010]). While those appeals were pending, petitioner filed several petitions alleging that respondent had violated the conditions and terms of his SIST regimen. Following hearings on the petitions seeking, inter alia, a determination that respondent is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.11 [d] [2], [4]; *see also* § 10.07 [f]), Supreme Court denied the petitions and released respondent pursuant to the prior order, as modified on appeal (*Flagg* [appeal No. 2], 71 AD3d 1528 [2010]), imposing a regimen of SIST. We agree with petitioner that the court erred in doing so inasmuch as petitioner established by clear and convincing evidence that respondent is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.11 [d] [4]). We therefore conclude that the regimen of SIST should be revoked and that respondent should be confined.

Pursuant to Mental Hygiene Law § 10.11 (d) (1), a regimen of SIST may be revoked if a person violates a condition of that regimen. Where, as here, the petitioner seeks to confine the respondent based on violations of his or her SIST regimen (§ 10.11 [d] [2]), the court must conduct a hearing at which the petitioner has the burden of establishing by clear and convincing evidence that the respondent is a dangerous sex offender requiring confinement (*see* § 10.11 [d] [4]). The court's determination is made pursuant to the standards set forth in section 10.07 (f) for the initial determination whether a respondent is a dangerous sex offender requiring confinement (*see* § 10.11 [d] [4]).

"No dispute exists that respondent is a sex offender requiring civil management as previously determined by [the c]ourt . . . , or that [his] conduct . . . involved violations of his SIST program, authorizing petitioner to seek confinement" (*Matter of State of New York v Donald N.*, 63 AD3d 1391, 1392 [2009]). The record establishes that respondent consumed alcohol or drugs on at least four occasions; refused to sign necessary releases of personal information; failed to follow the directions of his parole officer; was arrested for promoting prison contraband and for failing to register his Internet service as required by the Sex Offender Registration Act (Correction Law § 168 *et seq.*); had pornographic images on the computer he was known to use; and was discharged multiple times from sex offender treatment. Based on the fact that respondent continued

to engage in high risk behavior and failed to complete any treatment, petitioner's psychiatric expert concluded that respondent posed a high risk for sexual recidivism and that he was a dangerous sex offender requiring confinement.

Although respondent did not engage in any sexually inappropriate conduct when he violated the conditions of his SIST regimen, we conclude that the evidence presented at the hearings established that respondent could not "be adequately controlled by modifying the conditions of [that] regimen" (*Donald N.*, 63 AD3d at 1393; *see* Mental Hygiene Law § 10.11 [d] [4]). Despite the fact that alcohol and pornography were identified as triggers for respondent's prior sexual offenses, respondent continued to consume alcohol and to view pornography on a regular basis. "Thus, although respondent's SIST violations were not sexual in nature, they remain highly relevant regarding the level of danger that respondent poses to the community with respect to his risk of recidivism" (*Donald N.*, 63 AD3d at 1394). Further, respondent's "blatant disregard for [the] parole officer's authority and advice seriously undermines [the] contention[ ] [of respondent] that more intense SIST monitoring . . . would be sufficient to control his behavior" (*id.*).

Based on our determination, we see no need to address petitioner's remaining contention. Present—Scudder, P.J., Centra, Peradotto, Sconiers and Pine, JJ.