■ In the Matter of STATE OF NEW YORK, Respondent, v MICHAEL MOTZER, an Inmate in the Custody of New York State Department of Correctional Services, Appellant. [913 NYS2d 473]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered October 19, 2009 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, determined that respondent is a dangerous sex offender requiring confinement.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law § 10.11 (d) and committing him to a secure treatment facility. Respondent previously consented to a finding that he is a sex offender who suffers from a mental abnormality requiring strict and intensive supervision and treatment (SIST) pursuant to Mental Hygiene Law § 10.11. Less than a month after his release into the community under the SIST conditions, respondent was arrested upon his parole officer's report that he had violated certain SIST conditions.

Contrary to respondent's contention, petitioner established by clear and convincing evidence at the hearing that respondent is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.07 [f]; § 10.11 [d] [4]). Petitioner presented the testimony of respondent's parole officer, as well as an expert psychologist who evaluated respondent. Contrary to respondent's contention, Supreme Court was not limited to considering only the facts of the SIST violations; rather, the court could rely on all the relevant facts and circumstances tending to establish that respondent was a dangerous sex offender requiring confinement (*see generally Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1142-1143 [2010]). Further, although respondent presented the testimony of his own expert psychologist whose opinion differed from that of petitioner's expert, the court was in the best position to evaluate the weight and credibility of that conflicting testimony (*see Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394 [2009]).

Respondent contends that the court erred in allowing petitioner's expert psychologist to offer an opinion because that opinion was based in part on interviews with collateral sources who did not testify at trial, i.e., respondent's treatment providers at the psychiatric hospital. We reject that contention. The professional reliability exception to the hearsay rule "enables an expert witness to provide opinion evidence based on otherwise inadmissible hearsay, provided it is demonstrated to be the type of material commonly relied on in the profession" (*Hinlicky v Dreyfuss*, 6 NY3d 636, 648 [2006]; *see Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725-726 [1984]; *Matter of Murphy v Woods*, 63 AD3d 1526 [2009]). Here, the expert testified that the statements of a respondent's treatment providers are commonly relied upon by the profession when conducting a psychological examination to determine whether a respondent is a dangerous sex offender requiring confinement (*see generally People v Goldstein*, 6 NY3d 119, 124-125 [2005], *cert denied* 547 US 1159 [2006]).

We reject respondent's further contention that the court erred in allowing petitioner's expert psychologist to give hearsay testimony regarding her conversations with respondent's treatment providers. " '[H]earsay testimony given by [an] expert[ ] is admissible for the limited purpose of informing the jury of the basis of the expert['s] opinion[ ] and not for the truth of the matters related' " (*Matter of State of New York v Wilkes* [appeal No. 2], 77 AD3d 1451, 1453 [2010]). The expert gave limited hearsay testimony on direct examination with respect to a conversation she had with one of respondent's treatment provid-

ers, and she testified that she relied on the hearsay information to form her opinion on the case. We thus conclude that the limited amount of hearsay information was "properly admitted after the court determined that its purpose was to explain the basis for the expert['s] opinion[ ], not to establish the truth of the hearsay material, and that any prejudice to respondent from that testimony was outweighed by its probative value in assisting the [court] in understanding the basis for [the] expert's opinion" (*id.* at 1453). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.