# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**737**

**CA 10-01767**

PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

DAVID BOUTELLE, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO (MARGOT S. BENNETT OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARLENE O. TUCZINSKI OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered July 8, 2010 in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committing him to a secure treatment facility. Respondent consented to a finding of mental abnormality and, contrary to his contention, petitioner established by clear and convincing evidence at the dispositional hearing that respondent is a dangerous sex offender requiring confinement (*see* § 10.07 [f]). In determining whether petitioner met that burden, a court may "rely on all the relevant facts and circumstances" (*Matter of State of New York v Motzer*, 79 AD3d 1687, 1688). Here, petitioner established that respondent victimized three children, including his half brother, within three weeks of his release on parole. Respondent previously admitted to being sexually attracted to prepubescent boys, and he also admitted that he required further treatment. Although respondent testified at the dispositional hearing that he is no longer sexually attracted to children, petitioner's expert psychologists diagnosed respondent with pedophilia and testified that respondent is unable to control his behavior. Supreme Court's determination to discount the testimony of respondent in light of petitioner's contrary evidence "was within the court's province as the factfinder, and we see no basis to disturb that determination" (*Matter of State of New York v Flagg* [appeal No. 2], 71 AD3d 1528, 1530). Respondent's further contention that the court failed to consider alternatives to

confinement is belied by the record.

We reject respondent's contention that the court failed to issue its decision in a timely manner and to state in its decision the facts that it deemed essential in determining respondent to be a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.07 [b]; CPLR 4213 [b]-[c]).  Although the decision was not issued within 60 days after the matter was finally submitted (*see* Mental Hygiene Law § 10.07 [b]; CPLR 4213 [c]), that defect is not jurisdictional and thus the decision is valid (*see generally Matter of Jonathan D*., 297 AD2d 400, 402).  Further, if respondent desired a decision sooner, his remedy was to request a decision informally or to commence a CPLR article 78 proceeding to compel the court to issue a decision (*see generally Miller v Lanzisera*, 273 AD2d 866, 867, *appeal dismissed* 95 NY2d 887, *rearg denied* 96 NY2d 731).

Entered:  June 10, 2011                                    Patricia L. Morgan
                                                          Clerk of the Court