In the Matter of ANTHONY WW. and Others, Alleged to be the Children of a Mentally Ill Parent. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KAREN WW., Appellant. (And Another Related Proceeding.) [926 NYS2d 331]—

Kavanagh, J.

Respondent and Michael WW. (hereinafter the father) are married and have three children, and the procedural history and legal arguments in this matter are nearly identical to those in *Matter of Anthony WW. (Michael WW.)* (86 AD3d 654 [2011] [decided herewith]), involving the father. While factual distinc-

tions between the two matters do exist, the reports and related testimony of the two psychologists who evaluated respondent suffer from the same deficiencies as those encountered in the proceeding brought against the father and, as presented, should not have been admitted into evidence at trial. Since Family Court's decision to terminate respondent's parental rights was based in large measure on this evidence, it must be reversed (*see Matter of Murphy v Woods*, 63 AD3d 1526, 1526 [2009]; *cf. People v Stone*, 35 NY2d 69, 76 [1974]; *Matter of Mohammad v Mohammad*, 23 AD3d 476, 476-477 [2005]).

Finally, for reasons set forth in *Matter of Anthony WW. (Michael WW.) (supra)*, we harbor similar reservations about the timing of this application considering that, when this proceeding was commenced, a suspended judgment was in place against respondent and no evidence has been presented that she had violated any of the terms of that judgment, or engaged in any conduct that would justify the commencement of this proceeding. Respondent's remaining contentions have been considered and are either academic or without merit.

Spain, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, termination petition dismissed, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.