# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**942**

**CA 10-01692**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOEY BLAIR, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO (KEVIN S. DOYLE OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PATRICK J. WALSH OF COUNSEL), FOR PETITIONER-RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Allegany County (Timothy J. Walker, A.J.), entered June 28, 2010 in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committing him to a secure treatment facility. Contrary to respondent's contention, we conclude that petitioner established by clear and convincing evidence at the dispositional hearing that he is a dangerous sex offender requiring confinement (*see* § 10.03 [e]; § 10.07 [f]). Supreme Court, as the trier of fact, was "in the best position to evaluate the weight and credibility of the conflicting psychiatric testimony presented" (*Matter of State of New York v Timothy JJ*., 70 AD3d 1138, 1144; *see Matter of State of New York v Richard VV*., 74 AD3d 1402, 1404), and we discern no basis to disturb the court's decision to credit the testimony of petitioner's expert over that of respondent's expert (*see Matter of State of New York v Boutelle*, 85 AD3d 1607). We reject the further contention of respondent that the court erred in permitting petitioner's expert to testify concerning his treatment progress at Central New York Psychiatric Center (CNYPC). Petitioner's expert reviewed the CNYPC treatment records of respondent and thus was competent to testify with respect to conclusions that he drew therefrom (*see generally Matter of State of New York v Fox*, 79 AD3d 1782, 1783-1784). The admittedly limited familiarity of the expert with CNYPC's treatment program goes " 'to [the] weight of his . . . opinion as evidence, not its admissibility' " (*Kabalan v Hoghooghi*, 77

AD3d 1350, 1351; *see Anderson v House of Good Samaritan Hosp.*, 44 AD3d 135, 143) and, in any event, the expert testified that respondent's progress or lack thereof at CNYPC did not significantly factor into his opinion.

Finally, respondent's constitutional and statutory challenges to the CNYPC treatment program are not properly before us inasmuch as they are unpreserved for our review (*see generally Matter of Giovanni K.*, 68 AD3d 1766, 1767, *lv denied* 14 NY3d 707; *Matter of Wood v Goord*, 265 AD2d 854). In addition, we note that many of those contentions involve matters outside the record on appeal, and we are therefore unable to review them (*see generally Matter of State of New York v Pierce*, 79 AD3d 1779, 1781, *lv denied* 16 NY3d 712; *Matter of State of New York v Company*, 77 AD3d 92, 99-100, *lv denied* 15 NY3d 713). In any event, on the record before us, there is no evidence that petitioner or CNYPC failed to fulfill its treatment responsibilities or violated respondent's due process rights.

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court