# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1228**
**CA 11-02568**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL MATTER, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO
(MARGOT S. BENNETT OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL),
FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered November 15, 2011 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, determined that respondent is a detained sex offender requiring civil management.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a detained sex offender requiring civil management through a regimen of strict and intensive supervision and treatment (SIST) and placing him with the New York State Department of Corrections and Community Supervision (DOCCS).

On June 2, 2008, just prior to respondent's release from the custody of DOCCS, petitioner filed a Mental Hygiene Law article 10 petition seeking respondent's civil management. Petitioner asserted that respondent was a detained sex offender under Mental Hygiene Law § 10.03 (g) (1), inasmuch as he was serving a sentence for a sex offense defined in section 10.03 (p). Respondent moved to dismiss the petition on the ground that he was not a detained sex offender when the petition was filed because his sentence calculation was erroneous. According to respondent, he should have been released from the custody of DOCCS several months before the petition was filed and he thus was not in the lawful custody of DOCCS when the petition was filed. Supreme Court agreed with respondent and granted both respondent's motion to dismiss the petition as well as his separate application for a writ of habeas corpus. This Court reversed the order and judgment, reinstated the petition, and remitted the matter to Supreme Court for further proceedings (*Matter of State of New York v Matter*, 78 AD3d 1694, *rearg*

*denied* 81 AD3d 1388). We note that, in support of his motion for reargument, respondent contended that the petition was properly dismissed pursuant to *Matter of State of New York v Rashid* (16 NY3d 1), which was decided after we issued our initial decision, inasmuch as he was not "lawfully" in custody. In denying reargument, we rejected that contention because the pivotal issue was whether he was in fact in the custody of DOCCS when the article 10 petition was filed (*see People ex rel. Joseph II. v Superintendent of Southport Correctional Facility*, 15 NY3d 126, 135, *rearg denied* 15 NY3d 847), not whether the custody was "lawful," and it is undisputed that he was in custody. Following our denial of respondent's motion for reargument and upon remittal, the court issued the instant civil management order.

Contrary to respondent's contention, petitioner established by clear and convincing evidence that he is currently a dangerous sex offender requiring SIST (*see* Mental Hygiene Law § 10.07 [f]). Contrary to respondent's contention, proof of his past conduct is probative of his present mental state (*see generally Matter of George L.*, 85 NY2d 295, 307-308). Further, in determining whether a party is a dangerous sex offender, a court may "rely on all the relevant facts and circumstances" (*Matter of State of New York v Motzer*, 79 AD3d 1687, 1688).

Entered: February 1, 2013 Frances E. Cafarell
Clerk of the Court