McCarthy, J.
Appeal from an order of the Family Court of St. Lawrence County (Potter, J), entered January 3, 2012, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to extend the term of a suspended judgment for a period of one year.
*942 Respondent and Michael WW. (hereinafter the father) are married and have three children (born in 1999, 2001 and 2003). In a 2007 dispositional order entered on consent, Family Court found that the children were permanently neglected by respondent and the father. The court, however, suspended the judgment for one year, with the suspension terminating in May 2008. Prior to the expiration of the suspended judgment, petitioner sought to terminate the parental rights of respondent and the father based upon allegations of mental illness. One month later, petitioner commenced this proceeding seeking to extend the suspended judgment. Family Court ultimately terminated the parental rights of respondent and the father on the ground that they suffered from a mental illness which prevented them from providing proper care for the children. The court dismissed, as moot, the petition to extend the suspended judgment.
On appeal, this Court reversed the termination of parental rights, finding that the evidence relied on by Family Court should not have been admitted (Matter of Anthony WW. [Michael WW.], 86 AD3d 654 [2011], lv denied 17 NY3d 897 [2011]; Matter of Anthony WW. [Karen WW.], 86 AD3d 662 [2011]). Upon remittal, Family Court held a hearing on the newly-revived petition to extend the suspended judgment.* Following that hearing, the court extended the suspended judgment for one year. Respondent appeals.
The order extending the suspended judgment expired in September 2012. “In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment” (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Matter of Olivia SS. [William TT.], 75 AD3d 800, 801 [2010]). In light of the fact that respondent’s compliance with the terms of the suspended judgment must be evaluated in anticipation of the expiration of the extension (see 22 NYCRR 205.50 [b], [c]) and the court must render a determination as to the disposition based solely upon the best interests of the children (see Family Ct Act §§ 631, 633), the rights of the parties will not be directly affected by a determination on this appeal. The question now is not whether the suspended judgment should be extended, as only one extension is permitted (see Family Ct Act § 633 [b]), but what final disposition is appropriate. Accordingly, the challenges to the granting of the extension raised on this appeal are now moot *943 and we are not persuaded that the exception to the mootness doctrine is applicable here (see Matter of Michael A. [Patricia A.], 79 AD3d 1230, 1231 [2010]; Matter of Brenden O., 13 AD3d 779, 780 [2004]).
At oral argument, respondent’s counsel informed us that, despite the expiration of the order on appeal and the requirements of Family Ct Act § 633, Family Court has not determined respondent’s compliance with the suspended judgment. We are dismayed that, since the expiration of the order in September 2012, neither petitioner, respondent nor the attorney for the children has made an application to Family Court seeking permanency for these children. We recommend that one or all of them do so forthwith.
Mercure, J.P., Spain and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

 The father consented to the extension of the suspended judgment, so the hearing only addressed whether extension was proper as to respondent.