██ In the Matter of STATE OF NEW YORK, Respondent, v DEREK GOODING, Appellant. [961 NYS2d 683]—

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered February 2, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, determined that respondent is a dangerous sex offender requiring confinement and committed him to a secure treatment facility.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order revoking his prior regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement and committing him to a secure treatment facility (*see* Mental Hygiene Law § 10.01 *et seq.*). Contrary to respondent's contention, we conclude that petitioner established by clear and convincing evidence at the dispositional hearing that he is a dangerous sex offender requiring confinement (*see* §§ 10.03 [e]; 10.07 [f]). Moreover, Supreme Court, as the trier of fact, was " 'in the best position to evaluate the weight and credibility of the conflicting psychiatric testimony presented' " (*Matter of State of New York v Blair*, 87 AD3d 1327, 1327 [2011]; *see Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1144 [2010]), and we see no basis to disturb its decision to credit the testimony of petitioner's expert over that of respondent's expert (*see Blair*, 87 AD3d at 1327). We reject respondent's further contention that petitioner was required to "refute the possibility of a less restrictive placement" or that the court was required to specifically address the issue of a less restrictive alternative (*see Matter of State of New York v Enrique T.*, 93 AD3d 158, 166-167 [2012], *lv dismissed* 18 NY3d 976 [2012]).

Finally, respondent's constitutional and statutory challenges

to the treatment he received while in a regimen of SIST (*see* Mental Hygiene Law § 10.11) at Mid-Erie Counseling and Treatment Services (Mid-Erie) are not properly before us inasmuch as they are unpreserved for our review (*see Blair*, 87 AD3d at 1328; *see generally Matter of Giovanni K. [Dawn K.]*, 68 AD3d 1766, 1767 [2009], *lv denied* 14 NY3d 707 [2010]). In any event, on the record before us, there is no evidence that either petitioner or Mid-Erie failed to fulfill its treatment responsibilities or violated respondent's due process rights. Present—Smith, J.P., Peradotto, Carni, Valentino and Martoche, JJ.