# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

209

CA 12-00544

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

DEREK GOODING, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO
(MARGOT S. BENNETT OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered February 2, 2012 in a proceeding pursuant to Mental Hygiene Law article 10.  The order, among other things, determined that respondent is a dangerous sex offender requiring confinement and committed him to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondent appeals from an order revoking his prior regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement and committing him to a secure treatment facility (*see* Mental Hygiene Law § 10.01 *et seq.*).  Contrary to respondent's contention, we conclude that petitioner established by clear and convincing evidence at the dispositional hearing that he is a dangerous sex offender requiring confinement (*see* §§ 10.03 [e]; 10.07 [f]).  Moreover, Supreme Court, as the trier of fact, was " 'in the best position to evaluate the weight and credibility of the conflicting psychiatric testimony presented' " (*Matter of State of New York v Blair*, 87 AD3d 1327, 1327; *see Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1144), and we see no basis to disturb its decision to credit the testimony of petitioner's expert over that of respondent's expert (*see Blair*, 87 AD3d at 1327).  We reject respondent's further contention that petitioner was required to "refute the possibility of a less restrictive placement" or that the court was required to specifically address the issue of a less restrictive alternative (*see Matter of State of New York v Enrique T.*, 93 AD3d 158, 166-167, *lv dismissed* 18 NY3d 976).

Finally, respondent's constitutional and statutory challenges to

the treatment he received while in a regimen of SIST (*see* Mental Hygiene Law § 10.11) at Mid-Erie Counseling and Treatment Services (Mid-Erie) are not properly before us inasmuch as they are unpreserved for our review (*see Blair*, 87 AD3d at 1328; *see generally Matter of Giovanni K. [Dawn K.]*, 68 AD3d 1766, 1767, *lv denied* 14 NY3d 707).  In any event, on the record before us, there is no evidence that either petitioner or Mid-Erie failed to fulfill its treatment responsibilities or violated respondent's due process rights.