Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered February 2, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, determined that respondent is a dangerous sex offender requiring confinement and committed him to a secure treatment facility.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order revoking his prior regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement and committing him to a secure treatment facility (see Mental Hygiene Law § 10.01 et seq.). Contrary to respondent’s contention, we conclude that petitioner established by clear and convincing evidence at the dispositional hearing that he is a dangerous sex offender requiring confinement (see §§ 10.03 [e]; 10.07 [f]). Moreover, Supreme Court, as the trier of fact, was “ ‘in the best position to evaluate the weight and credibility of the conflicting psychiatric testimony presented’ ” (Matter of State of New York v Blair, 87 AD3d 1327, 1327 [2011]; see Matter of State of New York v Timothy JJ., 70 AD3d 1138, 1144 [2010]), and we see no basis to disturb its decision to credit the testimony of petitioner’s expert over that of respondent’s expert (see Blair, 87 AD3d at 1327). We reject respondent’s further contention that petitioner was required to “refute the possibility of a less restrictive placement” or that the court was required to specifically address the issue of a less restrictive alternative (see Matter of State of New York v Enrique T., 93 AD3d 158, 166-167 [2012], lv dismissed 18 NY3d 976 [2012]).
Finally, respondent’s constitutional and statutory challenges *1283 to the treatment he received while in a regimen of SIST (see Mental Hygiene Law § 10.11) at Mid-Erie Counseling and Treatment Services (Mid-Erie) are not properly before us inasmuch as they are unpreserved for our review (see Blair, 87 AD3d at 1328; see generally Matter of Giovanni K. [Dawn K.], 68 AD3d 1766, 1767 [2009], lv denied 14 NY3d 707 [2010]). In any event, on the record before us, there is no evidence that either petitioner or Mid-Erie failed to fulfill its treatment responsibilities or violated respondent’s due process rights. Present — Smith, J.P, Peradotto, Garni, Valentino and Martoche, JJ.