In the Matter of STATE OF NEW YORK, Respondent, v MICHAEL MATTER, Appellant. [971 NYS2d 769]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 19, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The order determined that respondent is a dangerous sex offender requiring confinement and committed respondent to a secure treatment facility.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order revoking his prior regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement, and committing him to a secure treatment facility (see Mental Hygiene Law § 10.01 et seq.). On a prior appeal, we affirmed an order determining that respondent is a detained sex offender requiring civil management through a regimen of SIST and placing him with the New York State Department of Corrections and Community Supervision (Matter

*of State of New York v Matter*, 103 AD3d 1113 [2013]). While that prior appeal was pending, petitioner filed a petition alleging that respondent had violated the conditions and terms of his SIST regimen, and a hearing was held on the petition.

We conclude that respondent's constitutional and statutory challenges to the treatment he received while in a regimen of SIST are not properly before us inasmuch as they are not preserved for our review (*see Matter of State of New York v Gooding*, 104 AD3d 1282, 1282-1283 [2013]). In any event, "there is no evidence that . . . petitioner . . . failed to fulfill its treatment responsibilities or violated respondent's due process rights" (*id.* at 1283).

Contrary to respondent's contention, we conclude that petitioner established by clear and convincing evidence at the hearing that respondent is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law §§ 10.07 [f]; 10.11 [d] [4]; *Matter of State of New York v Motzer*, 79 AD3d 1687, 1688 [2010]). Finally, we reject respondent's further contention that "petitioner was required to 'refute the possibility of a less restrictive placement' or that the court was required to specifically address the issue of a less restrictive alternative" (*Gooding*, 104 AD3d at 1282; *see Matter of State of New York v Enrique T.*, 93 AD3d 158, 166-167 [2012], *lv dismissed* 18 NY3d 976 [2012]). Present—Smith, J.P., Peradotto, Carni and Lindley, JJ.