# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**955**

**CA 12-01123**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL MATTER, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO
(MARGOT S. BENNETT OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered April 19, 2012 in a proceeding
pursuant to Mental Hygiene Law article 10.  The order determined that
respondent is a dangerous sex offender requiring confinement and
committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent appeals from an order revoking his prior
regimen of strict and intensive supervision and treatment (SIST),
determining that he is a dangerous sex offender requiring confinement,
and committing him to a secure treatment facility (*see* Mental Hygiene
Law § 10.01 *et seq.*).  On a prior appeal, we affirmed an order
determining that respondent is a detained sex offender requiring civil
management through a regimen of SIST and placing him with the New York
State Department of Corrections and Community Supervision (*Matter of
State of New York v Matter*, 103 AD3d 1113).  While that prior appeal
was pending, petitioner filed a petition alleging that respondent had
violated the conditions and terms of his SIST regimen, and a hearing
was held on the petition.

We conclude that respondent's constitutional and statutory
challenges to the treatment he received while in a regimen of SIST are
not properly before us inasmuch as they are not preserved for our
review (*see Matter of State of New York v Gooding*, 104 AD3d 1282,
1282-1283).  In any event, "there is no evidence that petitioner . . .
failed to fulfill its treatment responsibilities or violated
respondent's due process rights" (*id.* at 1283).

Contrary to respondent's contention, we conclude that petitioner

established by clear and convincing evidence at the hearing that respondent is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law §§ 10.07 [f]; 10.11 [d] [4]; *Matter of State of New York v Motzer*, 79 AD3d 1687, 1688). Finally, we reject respondent's further contention that "petitioner was required to 'refute the possibility of a less restrictive placement' or that the court was required to specifically address the issue of a less restrictive alternative" (*Gooding*, 104 AD3d at 1282; *see Matter of State of New York v Enrique T.*, 93 AD3d 158, 166-167, *lv dismissed* 18 NY3d 976).

Entered: September 27, 2013            Frances E. Cafarell
                                                            Clerk of the Court