Appeal from Em order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 19, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The order determined that respondent is a dangerous sex offender requiring confinement and committed respondent to a secure treatment facility.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order revoking his prior regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement, and committing him to a secure treatment facility (see Mental Hygiene Law § 10.01 et seq.). On a prior appeal, we affirmed an order determining that respondent is a detained sex offender requiring civil management through a regimen of SIST and placing him with the New York State Department of Corrections and Community Supervision (Matter *1182 of State of New York v Matter, 103 AD3d 1113 [2013]). While that prior appeal was pending, petitioner filed a petition alleging that respondent had violated the conditions and terms of his SIST regimen, and a hearing was held on the petition.
We conclude that respondent’s constitutional and statutory challenges to the treatment he received while in a regimen of SIST are not properly before us inasmuch as they are not preserved for our review (see Matter of State of New York v Gooding, 104 AD3d 1282, 1282-1283 [2013]). In any event, “there is no evidence that. . . petitioner . . . failed to fulfill its treatment responsibilities or violated respondent’s due process rights” (id. at 1283).
Contrary to respondent’s contention, we conclude that petitioner established by clear and convincing evidence at the hearing that respondent is a dangerous sex offender requiring confinement (see Mental Hygiene Law §§ 10.07 [f]; 10.11 [d] [4]; Matter of State of New York v Motzer, 79 AD3d 1687, 1688 [2010]). Finally, we reject respondent’s further contention that “petitioner was required to ‘refute the possibility of a less restrictive placement’ or that the court was required to specifically address the issue of a less restrictive alternative” (Gooding, 104 AD3d at 1282; see Matter of State of New York v Enrique T., 93 AD3d 158, 166-167 [2012], lv dismissed 18 NY3d 976 [2012]). Present — Smith, J.E, Peradotto, Garni and Lindley, JJ.