# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

280
CA 13-00034
PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

ROSALIE A. CALEB AND THE ESTATE OF BRENT C.
CALEB, DECEASED, ROSALIE A. CALEB, EXECUTOR,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

SEVENSON ENVIRONMENTAL SERVICES, INC.,
DEFENDANT-APPELLANT.

---

MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (EDWARD J. MARKARIAN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (R. ANTHONY
RUPP, III, OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment (denominated judgment and order) of the
Supreme Court, Orleans County (James P. Punch, A.J.), entered May 2,
2012 in a breach of contract action.  The judgment, among other
things, awarded plaintiffs money damages as against defendant.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the amount of prejudgment
interest awarded from April 18, 1990 and providing that prejudgment
interest is to commence from April 18, 1996, and as modified the
judgment is affirmed without costs.

Memorandum:  Defendant appeals from a judgment based on a jury
verdict in plaintiffs' favor that awarded money damages in this breach
of contract action.  We reject defendant's contention that Supreme
Court erred in charging the jury that it could consider, inter alia,
whether defendant failed to perform the contract within "a reasonable
time" in determining when plaintiffs' cause of action accrued for
purposes of defendant's statute of limitations defense.  While the
parties' contract stated that the work would be completed by November
30, 1989, the evidence established that after the work was not
completed by the end of the 1989 work season defendant informed
plaintiffs through a principal that defendant would "return in the
[s]pring of 1990, as early as weather permits, to complete" the work
required by the contract.  Thus, there was a reasonable view of the
evidence that the parties "effectively converted the contract into one
under which performance within a reasonable time was all that was
required" (*Schenectady Steel Co. v Trimpoli Gen. Constr. Co.*, 43 AD2d
234, 237, *affd* 34 NY2d 939).  As a result, we conclude that "the
court's charge accurately stated the law as it applie[d] to the facts

in this case" (*Shumway v Kelley* [appeal No. 2], 109 AD3d 1092, 1094, *lv denied* 22 NY3d 859 [internal quotation marks omitted]).

We reject defendant's further contention that there was no evidentiary foundation for the testimony of plaintiffs' damages expert, a construction cost estimator. It is well settled that " '[o]pinion evidence must be based on facts in the record or personally known to the witness' " (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725). It is also well settled, however, that an expert is permitted to offer opinion testimony based on facts not in evidence where the material is " 'of a kind accepted in the profession as reliable in forming a professional opinion' " (*id.* at 726; *see Wagman v Bradshaw*, 292 AD2d 84, 86-87). "The professional reliability exception to the hearsay rule 'enables an expert witness to provide opinion evidence based on otherwise inadmissible hearsay, provided it is demonstrated to be the type of material commonly relied on in the profession' " (*Matter of State of New York v Motzer*, 79 AD3d 1687, 1688, quoting *Hinlicky v Dreyfuss*, 6 NY3d 636, 648). Here, the expert's damages testimony was based, in part, on measurements contained in a report that was not admitted in evidence, but those measurements were not otherwise disputed or challenged by defendant. Moreover, the expert testified that the information on which he relied was of the type relied on in his profession. Thus, the court properly overruled defendant's objections to the expert's testimony.

We agree with defendant, however, that the court erred in awarding prejudgment interest from April 18, 1990. The jury did not specify a date on which plaintiffs' cause of action for breach of contract accrued and where, as here, "the precise date from which to fix interest is ambiguous, 'the date of commencement of the . . . action' is an appropriate date to choose" (*Della Pietra v State of New York*, 125 AD2d 936, 938, *affd* 71 NY2d 792). We therefore modify the judgment by vacating the amount of prejudgment interest awarded from April 18, 1990 and providing that prejudgment interest is to commence from April 18, 1996, the date on which the action was commenced, to May 2, 2012, the date of the judgment. We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court