SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

754
CA 13-00565
PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

BRANDON ARMSTRONG, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO (MARGOT S. BENNETT OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 14, 2013 in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committing him to a secure treatment facility. In response to respondent's motion in limine seeking to preclude petitioner from calling two experts to testify on the ground that it would be cumulative, Supreme Court held that only one of the experts could give an opinion. During the ensuing nonjury trial, two psychologists testified on petitioner's behalf. The record establishes that the first psychologist's testimony included hearsay statements made by an official from the Department of Corrections and Community Supervision, respondent's probation officer, and respondent's parents concerning, inter alia, respondent's commission of uncharged sex offenses, violations of probation, and violations of prison rules while incarcerated, all of which respondent admitted during his interviews with the first and second psychologist. After the first psychologist concluded his testimony without giving an opinion, respondent moved to strike the testimony on the ground that the first psychologist should not have been allowed to recite hearsay testimony without offering an opinion thereon. Under the circumstances of this case, we conclude that any error was harmless inasmuch as the court's determination was supported by the testimony and opinion of the second psychologist (*cf. Matter of State of New York v Floyd Y.*, 22 NY3d 95, 109-110; *see generally Matter of State of*

*New York v Charada T.*, ___ NY3d ___ [May 8, 2014]).

To the extent that respondent contends that the hearsay statements to which the first psychologist testified were improperly used as an evidentiary basis for the second psychologist's opinion, that contention is belied by the record. The second psychologist never testified that, in formulating his own opinion, he relied on the first psychologist's testimony. Although the second psychologist may have used the report of the first psychologist, in part, to formulate his opinions, the record is devoid of any specific objection to the use of the report or any of the other documentary evidence utilized by the second psychologist. We note, too, that the first psychologist's report was already before the court pursuant to the procedure set forth in Mental Hygiene Law § 10.06 (d), and that the court is presumed to have properly given any hearsay statements therein their limited legal significance in making its factual findings (*see Matter of State of New York v Mark S.*, 87 AD3d 73, 80). We have considered respondent's remaining contention regarding hearsay testimony of the first psychologist and conclude that it is without merit (*see Charada T.*, ___ NY3d at ___; *Matter of State of New York v John S.*, ___ NY3d ___ [May 8, 2014]).

Contrary to respondent's contention, we conclude that petitioner met its burden of establishing by clear and convincing evidence that respondent suffers from a "[m]ental abnormality" as that term is defined in Mental Hygiene Law § 10.03 (i) (*see Matter of State of New York v Pierce*, 79 AD3d 1779, 1779-1780, *lv denied* 16 NY3d 712; *Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1140), and that he is a dangerous sex offender requiring confinement (*see* § 10.07 [f]; *Matter of State of New York v Blair*, 87 AD3d 1327, 1327; *Matter of State of New York v Boutelle*, 85 AD3d 1607, 1607). Contrary to respondent's further contention, the court was not "required to specifically address the issue of a less restrictive alternative" to civil confinement when it rendered its disposition (*Matter of State of New York v Gooding*, 104 AD3d 1282, 1282, *lv denied* 21 NY3d 862; *see Matter of Enrique T.*, 93 AD3d 158, 166-167, *lv dismissed* 18 NY3d 976).

Finally, we conclude that the court properly denied respondent's motion to dismiss the petition. The petition contained sufficient "statements alleging facts of an evidentiary character tending to support the allegation that the respondent is a sex offender requiring civil management" (Mental Hygiene Law § 10.06 [a]).

Entered:  July 11, 2014                    Frances E. Cafarell
                                           Clerk of the Court