# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1034

CA 13-00483

PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                      MEMORANDUM AND ORDER

STEVEN DECAPUA, RESPONDENT-APPELLANT.

---

KEVIN J. BAUER, ALBANY, FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MICHAEL CONNOLLY OF COUNSEL), FOR PETITIONER-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered February 25, 2013 in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order revoking his prior regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement, and committing him to a secure treatment facility (*see* Mental Hygiene Law § 10.01 *et seq.*). Respondent concedes that he suffers from a "mental abnormality" and that he violated a SIST condition by possessing medication for erectile dysfunction, i.e., the drug Cialis (§ 10.03 [e]; *see* §§ 10.07 [f]; 10.11 [d] [1], [4]). He contends, however, that the evidence is legally insufficient to establish that he is a dangerous sex offender, and that the court's determination to that effect is against the weight of the evidence. We reject that contention. Supreme Court "was not limited to considering only the facts of the SIST violations" that prompted this revocation proceeding but, rather, it was entitled to "rely on all the relevant facts and circumstances tending to establish that respondent was a dangerous sex offender," such as his underlying offenses and past SIST violations (*Matter of State of New York v Motzer*, 79 AD3d 1687, 1688; *see Matter of State of New York v Matter*, 103 AD3d 1113, 1114). Upon our review of the record, we conclude that petitioner established by clear and convincing evidence that respondent is a dangerous sex offender requiring confinement, and the court did not err in crediting the testimony of petitioner's expert over that of respondent's expert (*see Matter of State of New York v Adkison*, 108 AD3d 1050, 1052; *Motzer*, 79

AD3d at 1688).

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court