■ In the Matter of State of New York, Respondent, v Steven Chrisman, an Inmate in the Custody of New York State Department of Correctional Services, Appellant. [905 NYS2d 414]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered December 15, 2008 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued respondent's commitment to a secure treatment facility.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 that, inter alia, continued his commitment to a secure treatment facility based on a jury finding that he is a detained sex offender with a mental abnormality that predisposes him to commit further sex offenses. We

reject respondent's contention that, because there were "conflicting expert opinions," petitioner failed to establish by clear and convincing evidence that respondent suffered from a mental abnormality (*see* Mental Hygiene Law § 10.07 [d]; *Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1140 [2010]; *Matter of State of New York v Shawn X.*, 69 AD3d 165, 168 [2009], *lv denied* 14 NY3d 702 [2010]). The jury verdict is entitled to great deference based on the jury's opportunity to evaluate the weight and credibility of conflicting expert testimony (*see Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394 [2009]).

Respondent failed to preserve for our review his further contention that Supreme Court erred in admitting in evidence various documentary exhibits, except insofar as he objected to the admission in evidence of his criminal records from Florida (*see generally* CPLR 5501; *Palmer v CSX Transp., Inc.* [appeal No. 2], 68 AD3d 1626, 1627-1628 [2009]). Even assuming, arguendo, that respondent's criminal records from Florida were not properly certified, we conclude that, under the circumstances of this case, the lack of certification is at most a technical irregularity that may be disregarded (*see* CPLR 2001; *Borchardt v New York Life Ins. Co.*, 102 AD2d 465, 467 [1984], *affd* 63 NY2d 1000 [1984], *rearg denied* 64 NY2d 776 [1985]). Respondent contends that he was denied a fair trial based on the misconduct of the Assistant Attorney General. Respondent failed to object to the majority of the instances of alleged misconduct at issue, and thus he failed to preserve his contention with respect to those instances for our review (*see Short v Daloia*, 70 AD3d 1384 [2010]). With respect to the single instance of alleged misconduct that is preserved for our review, we conclude that the conduct of the Assistant Attorney General was not so egregious or prejudicial as to deny respondent his right to a fair trial (*see Duncan v Mount St. Mary's Hosp. of Niagara Falls*, 272 AD2d 862, 863 [2000], *lv denied* 95 NY2d 760 [2000]).

Respondent failed to preserve for our review his contention that the verdict sheet was improper (*see Halbreich v Braunstein*, 13 AD3d 1137 [2004], *lv denied* 5 NY3d 704 [2005]). In any event, that contention lacks merit inasmuch as respondent failed to demonstrate that the jury was confused by the verdict sheet (*see generally Alvarado v Dillon*, 67 AD3d 1214, 1215-1216 [2009]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.