# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

231
CA 09-00462
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V

MEMORANDUM AND ORDER

DANIEL GIERSZEWSKI, A PATIENT IN THE CUSTODY
OF THE OFFICE OF MENTAL HEALTH,
RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL),
FOR RESPONDENT-APPELLANT.

ANDREW M. CUOMO, ATTORNEY GENERAL, ALBANY (MARLENE O. TUCZINSKI OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered February 2, 2009 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, ordered that respondent be supervised by the Division of Parole under conditions of strict and intensive supervision and treatment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10, entered following a jury trial determining that he has a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i) and is a sex offender requiring strict and intensive supervision. We reject respondent's contention that the evidence is legally insufficient to support a finding that he suffers from a mental abnormality within the meaning of the statute. "A court may set aside a jury verdict as legally [insufficient] and enter judgment as a matter of law only where 'there is simply no valid line of reasoning and permissible inferences [that] could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126).

Here, petitioner's two expert witnesses, a psychologist and a psychiatrist, testified at trial that respondent suffers from paraphilia and presents a significant risk of committing a sex offense in the future. Petitioner therefore sustained its burden of establishing by clear and convincing evidence that respondent suffers

from "a congenital or acquired condition, disease or disorder that affects [his] emotional, cognitive[] or volitional capacity . . . in a manner that predisposes him . . . to the commission of conduct constituting a sex offense and that results in [him] having serious difficulty in controlling such conduct" (§ 10.03 [i]; *see generally Matter of State of New York v Farnsworth*, 75 AD3d 14, 29, *appeal dismissed* 15 NY3d 848).

We further conclude that the verdict is not against the weight of the evidence. Although respondent's expert witness testified that respondent does not suffer from a mental abnormality and does not present a serious risk of reoffending, provided that he abstains from the use of alcohol, "[t]he jury verdict is entitled to great deference based on the jury's opportunity to evaluate the weight and credibility of conflicting expert testimony" (*Matter of State of New York v Chrisman*, 75 AD3d 1057; *see also Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394). Upon our review of the record, we conclude that the evidence does not " 'preponderate[] so greatly in [respondent's] favor that the jury could not have reached its conclusion on any fair interpretation of the evidence' " (*Matter of State of New York v Shawn X.*, 69 AD3d 165, 169, *lv denied* 14 NY3d 702; *see Derrick B.*, 68 AD3d at 1126).

Respondent further contends that he was denied a fair trial based on the misconduct of the Assistant Attorney General. Respondent failed to object to the majority of the alleged instances of misconduct, and he therefore failed to preserve for our review his contention with respect thereto (*see Chrisman*, 75 AD3d 1057). In any event, although we note that several remarks of the Assistant Attorney General were inappropriate, none of those remarks was "so egregious or prejudicial as to deny respondent his right to a fair trial" (*id.* at 1058). We have reviewed respondent's remaining contentions and conclude that they are without merit.

Entered: February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court