# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**814**
**CA 10-01352**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHANNON STEIN, RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL),
FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Chautauqua County
(Timothy J. Walker, A.J.), entered June 23, 2010 in a proceeding
pursuant to Mental Hygiene Law article 10.  The order, among other
things, committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent appeals from an order pursuant to Mental
Hygiene Law article 10 in which Supreme Court determined, following a
nonjury trial, that he has a mental abnormality that predisposes him
to committing sex offenses (*see* Mental Hygiene Law § 10.03 [i]), and
directed that he be committed to a secure treatment facility.  We
reject respondent's contention that the court improperly assumed the
role of an advocate when it sua sponte reopened the proof at the
conclusion of the mental abnormality phase of the trial, inasmuch as
the court stated on the record that additional evidence was required
in order to clarify hearsay issues, particularly with respect to
collateral interviews conducted by one of the psychologists (*see
generally People v Arnold*, 98 NY2d 63, 68).  We further note that the
court stated that it would allow respondent's expert to provide a
supplemental report and supplemental testimony taking into account the
new testimony.  Also contrary to respondent's contention, the evidence
is legally sufficient to support the court's determination that he
suffers from a mental abnormality within the meaning of Mental Hygiene
Law § 10.03 (i) (*see Matter of State of New York v Gierszewski*, 81
AD3d 1473).  According to the testimony of two psychologists presented
by petitioner, respondent suffers from paraphilia not otherwise
specified, which predisposes him to committing sexual offenses, and
that he has had serious difficulty controlling that sexual conduct.
Petitioner thus established by clear and convincing evidence that

respondent suffers from "a congenital or acquired condition, disease or disorder that affects [his] emotional, cognitive, or volitional capacity . . . in a manner that predisposes him . . . to the commission of conduct constituting a sex offense and that results in [respondent] having serious difficulty in controlling such conduct" (§ 10.03 [i]; *see Gierszewski*, 81 AD3d at 1473).

We further conclude that the court's determination that respondent suffers from a mental abnormality within the meaning of the statute is not against the weight of the evidence. The evidence presented by respondent that conflicted with that presented by petitioner merely raised a credibility issue for the court to resolve, and its determination is entitled to great deference given its "opportunity to evaluate [first-hand] the weight and credibility of [the] conflicting expert testimony" (*Matter of State of New York v Chrisman*, 75 AD3d 1057, 1058). Upon our review of the record, we conclude that the evidence does not " 'preponderate[] so greatly in [respondent's] favor that the [court] could not have reached its conclusion on any fair interpretation of the evidence' " (*Matter of State of New York v Shawn X.*, 69 AD3d 165, 169, *lv denied* 14 NY3d 702).

Contrary to respondent's further contention, the evidence is legally sufficient to support the determination that he requires confinement. Petitioner's two psychologists testified at the dispositional phase of the trial that respondent had multiple compliance problems in the past both with probation and parole and that he was likely to recidivate if released from custody. Petitioner thus established by the requisite clear and convincing evidence that respondent "has a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the respondent is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.07 [f]; *see Matter of State of New York v Craig T.*, 77 AD3d 1062, 1063). Respondent's contention regarding the order issued following the probable cause hearing is not properly before us because no appeal lies from such an order (*see* § 10.13 [b]). We have considered respondent's remaining contention and conclude that it is without merit.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                  Clerk of the Court