In the Matter of STATE OF NEW YORK, Respondent, v KEITH REEVE, Appellant. [929 NYS2d 899]—

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committing him to a secure treatment facility. Contrary to respondent's contention, we conclude that petitioner met its burden of establishing by clear and convincing evidence that respondent suffers from a mental abnormality (*see Matter of State of New York v Farnsworth*, 75 AD3d 14, 17 [2010], *appeal dismissed* 15 NY3d 848 [2010]; *see generally* Mental Hygiene Law § 10.03 [i]). Petitioner also established by clear and convincing evidence that respondent has such an inability to control his behavior that he "is likely to be a danger to others and to commit sex offenses if not confined" (§ 10.07 [f]). Thus, Supreme Court's determination that respondent should be committed to a secure treatment facility is not against the weight of the evidence (*see generally id.*).

"Respondent's contention regarding the order issued following the probable cause hearing is not properly before us because no appeal lies from such an order" (*Matter of State of New York v Stein*, 85 AD3d 1646, 1648 [2011]; *see* Mental Hygiene Law § 10.13 [b]). Respondent's further contention regarding the standard of proof is not preserved for our review inasmuch as he failed to raise it before the trial court (*see Matter of State of New York v Gierszewski*, 81 AD3d 1473 [2011], *lv denied* 17 NY3d 702 [2011]; *Matter of State of New York v Chrisman*, 75 AD3d 1057 [2010]; *cf. Matter of State of New York v Rashid*, 16 NY3d 1, 13 [2010]). In any event, respondent's contention is not properly before us because it is raised for the first time in his reply brief (*see Matter of State of New York v Zimmer* [appeal

No. 4], 63 AD3d 1563 [2009]; *see generally Turner v Canale*, 15 AD3d 960 [2005], *lv denied* 5 NY3d 702 [2005]).

We have considered respondent's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Smith, Lindley, Sconiers and Gorski, JJ.