# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1008
CA 10-01139
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, SCONIERS, AND GORSKI, JJ.

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

KEITH REEVE, RESPONDENT-APPELLANT.

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(JANINE E. FRANK OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Brian
F. DeJoseph, J.), entered January 22, 2010 in a proceeding pursuant to
Mental Hygiene Law article 10.  The order committed respondent to a
secure treatment facility.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent appeals from an order determining that he
is a dangerous sex offender requiring confinement pursuant to Mental
Hygiene Law article 10 and committing him to a secure treatment
facility.  Contrary to respondent's contention, we conclude that
petitioner met its burden of establishing by clear and convincing
evidence that respondent suffers from a mental abnormality (*see Matter
of State of New York v Farnsworth*, 75 AD3d 14, 17, *appeal dismissed* 15
NY3d 848; *see generally* § 10.03 [i]).  Petitioner also established by
clear and convincing evidence that respondent has such an inability to
control his behavior that he "is likely to be a danger to others and
to commit sex offenses if not confined" (§ 10.07 [f]).  Thus, Supreme
Court's determination that respondent should be committed to a secure
treatment facility is not against the weight of the evidence (*see
generally id.*).

"Respondent's contention regarding the order issued following the
probable cause hearing is not properly before us because no appeal
lies from such an order" (*Matter of State of New York v Stein*, 85 AD3d
1646, 1648; *see* Mental Hygiene Law § 10.13 [b]).  Respondent's further
contention regarding the standard of proof is not preserved for our
review inasmuch as he failed to raise it before the trial court (*see
Matter of State of New York v Gierszewski*, 81 AD3d 1473, *lv denied* 17
NY3d 702; *Matter of State of New York v Chrisman*, 75 AD3d 1057; *cf.*

*Matter of State of New York v Rashid*, 16 NY3d 1, 13). In any event, respondent's contention is not properly before us because it is raised for the first time in his reply brief (*see Matter of State of New York v Zimmer* [appeal No. 4], 63 AD3d 1563; *see generally Turner v Canale*, 15 AD3d 960, *lv denied* 5 NY3d 702).

We have considered respondent's remaining contentions and conclude that they are without merit.

Entered:  September 30, 2011

Patricia L. Morgan
Clerk of the Court