■ In the Matter of the Arbitration between STARPOINT CENTRAL SCHOOL DISTRICT, Appellant, and CSEA, INC., LOCAL 872, STARPOINT CENTRAL SCHOOL DISTRICT BUILDINGS AND GROUNDS UNIT #7698, Respondent. [944 NYS2d 713]—Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered July 1, 2011 in a proceeding pursuant to CPLR article 75. The order, among other things, dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Scudder, P.J., Smith, Carni and Sconiers, JJ.

■ · In the Matter of the STATE OF NEW YORK, Appellant, v RICHARD LESTER, Respondent. [942 NYS2d 855]—Appeal from an amended order of the Supreme Court, Wayne County (Thomas M. Van Strydonck, J.), entered September 28, 2010 in a proceeding pursuant to Mental Hygiene Law article 10. The amended order directed the release of respondent from custody.

It is hereby ordered that the amended order so appealed from is unanimously reversed on the law without costs and a new trial is granted.

Memorandum: Petitioner appeals from an amended order pursuant to Mental Hygiene Law article 10 releasing respondent from custody upon a jury verdict in his favor on the issue of whether certain kidnappings he attempted to commit in 1984 (1984 attempted kidnappings) were "sexually motivated" (see Mental Hygiene Law § 10.03 [f], [g] [4]; [p] [4]). Petitioner contends that Supreme Court erred in refusing to instruct the jury that it could consider evidence of kidnappings committed by respondent in 1980 on the issue of respondent's motive and intent with respect to the 1984 attempted kidnappings. We agree.

Inasmuch as petitioner's burden in the proceeding was to establish by clear and convincing evidence that the 1984 attempted kidnappings were "sexually motivated" (see Mental Hygiene Law § 10.03 [s]; § 10.07 [c], [d]), we conclude that the court should have instructed the jury that it could consider the evidence of the 1980 kidnappings on the issue of respondent's intent in committing the 1984 attempted kidnappings and whether those crimes were "sexually motivated" (see Matter of State of New York v Shawn X., 69 AD3d 165, 172 [2009], lv denied 14 NY3d 702 [2010]). We therefore reverse the amended order and grant a new trial. Present—Scudder, P.J., Smith, Carni and Sconiers, JJ.