# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1009**
**CA 11-00477**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

JODY JAMES TROMBLEY, RESPONDENT-APPELLANT.

---

DONALD R. GERACE, UTICA, FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF COUNSEL), FOR PETITIONER-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered November 5, 2010 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 determining, following a jury trial, that he is a detained sex offender who has a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i) and determining, following a dispositional hearing, that he is a dangerous sex offender requiring confinement in a secure treatment facility. We reject respondent's contention that the evidence is legally insufficient to establish that his assault convictions were sexually motivated, i.e., that they "were committed in whole or in substantial part for the purpose of direct sexual gratification of the actor" (§ 10.03 [s]). Petitioner's expert opined that respondent is a sexual sadist, inasmuch as he is sexually aroused by another person's physical or psychological suffering and has acted on his urges with a nonconsenting person. The expert explained that sadistic acts involve activities of dominance over a victim, and that many of those acts had involved the victim of the assaults. He opined that respondent engaged in acts of "gratuitous violence," which were one of the most common types of acts among sexual sadists, that he became sexually gratified by the victim's pain and suffering, and that the two assaults to which he pleaded guilty were sexually motivated. We therefore conclude that the evidence is legally sufficient to support the jury verdict (*see Matter of State of New York v Gierszewski*, 81 AD3d 1473, 1473, *lv denied* 17 NY3d 702). We reject respondent's further contention that the verdict is against the weight of the evidence (*see id.* at 1473-1474). Although

respondent's expert opined that the assaults were not sexually motivated, " '[t]he jury verdict is entitled to great deference based on the jury's opportunity to evaluate the weight and credibility of conflicting expert testimony' " (*id.* at 1474).

Also contrary to respondent's contention, the evidence is legally sufficient to establish that he "is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.07 [f]).  Again, there was conflicting expert testimony, and Supreme Court credited the testimony of petitioner's expert.  We perceive no basis to disturb that determination (*see Matter of State of New York v Timothy EE.*, 97 AD3d 996, 998-999; *Matter of State of New York v Harland*, 94 AD3d 1558, 1559).

Respondent's contention that the court erred in admitting in evidence documents and testimony regarding two prior assault convictions committed by respondent is without merit inasmuch as that evidence was relevant on the issue whether the assault convictions were sexually motivated (*see Matter of State of New York v Lester*, 94 AD3d 1492, 1492).  With respect to the admission in evidence of a prior victim's unsworn statement, we conclude that any error in its admission is harmless (*see Matter of State of New York v Fox*, 79 AD3d 1782, 1784).  Respondent failed to preserve for our review his contention that he was denied due process by the failure to hold the trial within 60 days of the probable cause determination (*see* Mental Hygiene Law § 10.07 [a]; *see generally Matter of State of New York v Reeve*, 87 AD3d 1378, 1378, *lv denied* 18 NY3d 804).  That contention is without merit in any event inasmuch as the delay was attributable to his own requests for adjournments.  We have reviewed respondent's remaining contentions and conclude that they are without merit.

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court