# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

740
CA 13-00211
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

MICHAEL C. BASS, A PATIENT IN THE CUSTODY
OF THE OFFICE OF MENTAL HEALTH,
RESPONDENT-APPELLANT.

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR
RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an amended order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered December 7, 2012 in a
proceeding pursuant to Mental Hygiene Law article 10.  The amended
order, among other things, adjudged that respondent is a dangerous sex
offender requiring confinement.

It is hereby ORDERED that the amended order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent appeals from an amended order pursuant to
Mental Hygiene Law article 10 determining, following a nonjury trial,
that he is a dangerous sex offender (*see* § 10.03 [e]) and directing
that he be committed to a secure treatment facility.  We affirm.

We reject respondent's contention that the use of hearsay by
petitioner's experts denied him due process.  Supreme Court properly
permitted petitioner's experts, two psychologists, to testify about
the conduct to which respondent pleaded guilty, his total number of
victims, his offense pattern, particular incidents of uncharged child
sexual abuse, and his sexual activity while incarcerated inasmuch as
the records of such matters were shown to be reliable based on
respondent's convictions or his admissions during the interviews with
the experts (*see Matter of State of New York v Floyd Y.*, 22 NY3d 95,
109; *see also Matter of State of New York v Anonymous*, 82 AD3d 1250,
1251, *lv denied* 17 NY3d 702; *see generally Matter of State of New York
v Wilkes* [appeal No. 2], 77 AD3d 1451, 1452-1453).  We note in any
event that, in this nonjury trial, the court is " 'presumed to be able
to distinguish between admissible evidence and inadmissible evidence
[and to abide by the limited purpose of hearsay evidence when

admitted] and to render a determination based on the former' " (*Matter of State of New York v Mark S.*, 87 AD3d 73, 80, *lv denied* 17 NY3d 714).

Respondent further contends that the evidence is not legally sufficient to establish that he requires confinement.  We reject that contention.  Petitioner's proof consisted of the testimony of its two experts that respondent suffers from pedophilia.  Extensive documentary evidence was admitted consisting of, inter alia, respondent's records from the New York State Department of Correctional Services, New York State Office of Mental Health, presentence investigation of probation, and the United States Air Force.  Upon our review of the record, we conclude that the experts' testimony and the documentary evidence established by the requisite clear and convincing evidence that respondent "has a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.07 [f]; *see Matter of State of New York v Stein*, 85 AD3d 1646, 1648, *affd* 20 NY3d 99, *cert denied* ___ US ___, 133 S Ct 1500).  Respondent acknowledged in his brief that this Court in *Stein* previously rejected the contentions, raised by respondent herein, that due process requires proof beyond a reasonable doubt and that the clear and convincing evidence standard of proof is unconstitutional.  We perceive no reason to depart from our decision in *Stein*.  We also reject respondent's contention that remittal is required for the court to consider the possibility of a "least restrictive alternative" in rendering its disposition inasmuch as there is no such requirement (*see Matter of State of New York v Gooding*, 104 AD3d 1282, 1282, *lv denied* 21 NY3d 862).  Finally, respondent's contention that the court's delay in rendering its final determination denied him due process is unpreserved for our review (*see Matter of State of New York v Trombley*, 98 AD3d 1300, 1302, *lv denied* 20 NY3d 856), and we decline to review it in the interest of justice (*see generally Matter of State of New York v Campany*, 77 AD3d 92, 101, *lv denied* 15 NY3d 713).

Entered:  July 3, 2014                        Frances E. Cafarell
                                              Clerk of the Court