# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**666**
**CA 12-01496**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANTHONY NERVINA, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered July 17, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, determined that respondent is a detained sex offender requiring civil management.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent appeals from an order determining that he is a dangerous sex offender requiring civil management pursuant to Mental Hygiene Law article 10. The jury found that respondent was sexually motivated in committing the crime of attempted burglary in the second degree and that he suffers from a mental abnormality (*see* § 10.03 [i]; *see also* Penal Law § 140.25 [2]). In appeal No. 2, respondent appeals from an order revoking his prior regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement, and committing him to a secure treatment facility. We affirm in both appeals.

With respect to appeal No. 1, we note that the court declined to rule on that part of respondent's pretrial motion to preclude hearsay evidence and expressly directed respondent to raise appropriate objections at the time of trial, which respondent failed to do. This case is therefore distinguishable from *Matter of State of New York v Bass* (___ AD3d ___ [July 3, 2014]), in which the respondent's hearsay contention was preserved because the court expressly denied the respondent's motion in limine to preclude evidence on that ground. We therefore conclude that respondent's contention that his due process rights were violated when petitioner's experts provided testimony about the hearsay evidence that formed the basis of their opinions is unpreserved for our review (*see Matter of State*

*of New York v Wilkes* [appeal No. 2], 77 AD3d 1451, 1452), and we decline to exercise our power to review that contention in the interest of justice (*see Matter of State of New York v Muench*, 85 AD3d 1581, 1582). Contrary to respondent's contention, the recent decision from the Court of Appeals in *People v Finch* (___ NY3d ___ [May 13, 2014]) does not support his position that, because he objected to hearsay presented at the subsequent SIST violation hearing, he preserved his contention regarding hearsay presented at the previous jury trial. The Court of Appeals held in *Finch* that "a lawyer is not required, in order to preserve a point, to *repeat* an argument that the court has *definitively rejected*" (*id.* at ___ [emphasis added]). The Court did not hold that an attorney's objection at a later proceeding preserves for appellate review an alleged error in an earlier proceeding.

We reject respondent's further contention in appeal No. 1 that the jury's determination that the underlying crime was sexually motivated is against the weight of the evidence (*see Matter of State of New York v Trombley*, 98 AD3d 1300, 1301, *lv denied* 20 NY3d 856). To the extent that respondent contends that the evidence was legally insufficient to establish sexual motivation, we also reject that contention. Petitioner's evidence presented a valid line of reasoning and permissible inferences that could lead a rational jury to the conclusion that respondent committed the underlying offense "in whole or in substantial part for the purpose of [his] direct sexual gratification" (Mental Hygiene Law § 10.03 [s]; *see Matter of State of New York v Farnsworth*, 107 AD3d 1444, 1445).

We reject respondent's further contention in appeal No. 1 that the jury's verdict with respect to mental abnormality is against the weight of the evidence. Although respondent's expert witness testified that respondent did not suffer from a mental abnormality, the jury's verdict is entitled to deference, and we conclude that "the evidence does not preponderate[] so greatly in [respondent's] favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Matter of State of New York v Gierszewski*, 81 AD3d 1473, 1474, *lv denied* 17 NY3d 702 [internal quotation marks omitted]). Respondent's further contention in appeal No. 1 that the personality disorders with which petitioner's expert witnesses diagnosed him cannot serve as the basis for a finding of mental abnormality is without merit (*see Matter of State of New York v Donald DD.*, 107 AD3d 1062, 1063-1064, *lv granted* 21 NY3d 866). The Mental Hygiene Law does not require that the underlying "condition, disease, or disorder" serving as the basis for a finding of mental abnormality have a sexual component to its diagnosis; rather, the law requires only that the underlying "condition, disease or disorder" affect respondent "in a manner that predisposes [him] to the commission of conduct constituting a sex offense and that results in [respondent] having serious difficulty in controlling such conduct" (§ 10.03 [i]). Here, both of petitioner's expert witnesses testified that the personality disorders with which they diagnosed respondent predisposed him to commit sex offenses and resulted in respondent's serious difficulty in controlling his behavior.

Contrary to respondent's contention in appeal No. 2, we conclude that, at the hearing regarding respondent's alleged violation of his SIST conditions, petitioner established by clear and convincing evidence that

respondent is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law §§ 10.03 [e]; 10.07 [f]).  Finally, we reject respondent's further contention in appeal No. 2 that "the court was required to specifically address the issue of a less restrictive alternative" (*Matter of State of New York v Gooding*, 104 AD3d 1282, 1282, *lv denied* 21 NY3d 862).