Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered March 11, 2014 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, committed respondent to a secure treatment facility.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 determining, following a jury trial, that he is a detained sex offender who has a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i) and determining, following a dispositional hearing, that he is a dangerous sex offender requiring confinement in a secure treatment facility. We reject respondent’s contention that the verdict is against the weight of the evidence. Here, petitioner’s two expert psychologists testified that respondent suffered from a mental abnormality, and although respondent’s expert testified to the contrary, “ ‘[t]he jury verdict is entitled *1578 to great deference based on the jury’s opportunity to evaluate the weight and credibility of conflicting expert testimony’ ” (Matter of State of New York v Gierszewski, 81 AD3d 1473, 1474 [2011], lv denied 17 NY3d 702 [2011]; see Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [2015], lv denied 25 NY3d 911 [2015]). Upon our review of the record, we conclude that “the evidence does not preponderate [ ] so greatly in [respondent’s] favor that the jury could not have reached its conclusion on any fair interpretation of the evidence” (Gierszewski, 81 AD3d at 1474 [internal quotation marks omitted]). Contrary to respondent’s further contention, we conclude that petitioner established by clear and convincing evidence at the dispositional hearing that he is a dangerous sex offender requiring confinement (see Mental Hygiene Law §§ 10.03 [e]; 10.07 [f]). “Supreme Court, as the trier of fact, was in the best position to evaluate the weight and credibility of the conflicting [psychological] testimony presented . . . , and we see no basis to disturb its decision to credit the testimony of petitioner’s expert over that of respondent’s expert” (Matter of State of New York v Gooding, 104 AD3d 1282, 1282 [2013], lv denied 21 NY3d 862 [2013] [internal quotation marks omitted]). Present— Smith, J.P., Peradotto, Lindley, Whalen and DeJoseph, JJ.