# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

785
CA 15-00410
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

CHRISTOPHER BUSHEY, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(BRYCE R. THERRIEN OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Patrick
F. MacRae, J.), entered January 28, 2015 in a proceeding pursuant to
Mental Hygiene Law article 10. The order, inter alia, determined that
respondent is a dangerous sex offender requiring confinement and
committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he
is a dangerous sex offender requiring confinement and committing him
to a secure treatment facility (*see* Mental Hygiene Law § 10.01 *et
seq.*). Respondent failed to preserve for our review his contentions
that the evidence is not legally sufficient to establish that he has a
mental abnormality or that he has an inability to control his sexual
misconduct inasmuch as he did not move for a directed verdict or
otherwise challenge the sufficiency of the evidence on those points
(*see Matter of Vega v State of New York*, 140 AD3d 1608, 1609). In any
event, respondent's contentions lack merit. Petitioner presented a
"detailed psychological portrait of a sex offender [that] would
doubtless allow an expert to determine the level of control the
offender has over his sexual conduct" (*Matter of State v Donald DD.*,
24 NY3d 174, 188; *see generally Matter of State of New York v Dennis
K.*, 27 NY3d 718, 734-735). Here, petitioner's two expert witnesses
testified that: respondent suffers from pedophilia and antisocial
personality disorder with psychopathic traits; respondent refused to
admit that he was sexually attracted to children and, as a result, his
sex offender treatment program was not geared toward his particular
conditions; respondent failed to develop a relapse prevention program;
and respondent presents a significant risk of committing sex offenses
in the future. We therefore conclude that petitioner met its burden

of establishing by clear and convincing evidence that respondent has "a congenital or acquired condition, disease or disorder that affects [his] emotional, cognitive, or volitional capacity . . . in a manner that predisposes him . . . to the commission of conduct constituting a sex offense and that results in [him] having serious difficulty in controlling such conduct" (§ 10.03 [i]; *see Matter of State of New York v Gierszewski*, 81 AD3d 1473, 1473, *lv denied* 17 NY3d 702; *see generally Dennis K.*, 27 NY3d at 734-735).  We further conclude that petitioner met its burden of establishing by clear and convincing evidence that respondent "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]; *see Matter of Billinger v State of New York*, 137 AD3d 1757, 1758).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court