# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1219**
**CA 15-01355**
PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOSEPH SCHOLTISEK, RESPONDENT-APPELLANT.

---

NEIL T. CAMPBELL, ROCHESTER, FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered June 26, 2015 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, directed that respondent be committed to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 determining, following a jury trial, that he is a detained sex offender who has a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i) and determining, following a nonjury dispositional hearing, that he is a dangerous sex offender requiring confinement in a secure treatment facility. We affirm.

To the extent that respondent contends that the evidence is legally insufficient to establish that he has a mental abnormality, we reject that contention. Petitioner's expert witnesses testified that respondent suffers from "pedophilic disorder"; had four victims spanning ten years; re-offended after going to prison and while under parole supervision; and has not progressed or completed any sex offender treatment. In addition, one of petitioner's experts testified that, despite the fact that respondent has ready accessibility to age-appropriate sexual partners, he continues to pursue children, which, according to petitioner's expert witness, is an indication "of the strength of that interest and urge, that sex with people his own age isn't enough." We therefore conclude that petitioner sustained its burden of establishing by clear and convincing evidence that respondent suffers from "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that

predisposes him . . . to the commission of conduct constituting a sex offense and that results in [him] having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]; *see Matter of State of New York v Stein*, 85 AD3d 1646, 1647, *affd* 20 NY3d 99, *cert denied ___ US ___,* 133 S Ct 1500; *Matter of State of New York v Bushey*, 142 AD3d 1375, 1376; *Matter of State of New York v Gierszewski*, 81 AD3d 1473, 1473-1474, *lv denied* 17 NY3d 702).  We reject respondent's further contention that the verdict is against the weight of the evidence.  "The jury verdict is entitled to great deference based on the jury's opportunity to evaluate the weight and credibility of conflicting expert testimony" (*Matter of State of New York v Chrisman*, 75 AD3d 1057, 1058), and it should be set aside only if the evidence preponderates so greatly in respondent's favor that the jury's determination is not supported by any fair interpretation of the evidence (*see Matter of State of New York v Nervina,* 120 AD3d 941, 943, *affd* 27 NY3d 718).  Here, we conclude that the jury's determination is supported by a fair interpretation of the evidence.

Contrary to respondent's further contention, we conclude that petitioner established by clear and convincing evidence at the dispositional hearing that he is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law §§ 10.03 [e]; 10.07 [f]). " 'Supreme Court, as the trier of fact, was in the best position to evaluate the weight and credibility of the conflicting [psychological] testimony presented . . . , and we see no basis to disturb its decision to credit the testimony of petitioner's expert over that of respondent's expert' " (*Matter of State of New York v Connor*, 134 AD3d 1577, 1578, *lv denied* 27 NY3d 903; *see Matter of State of New York v Adkison*, 108 AD3d 1050, 1052; *see also Bushey*, 142 AD3d at 1376-1377). Finally, contrary to respondent's contention, the court was under no obligation to "consider the possibility of a 'least restrictive alternative' in rendering its disposition" (*Matter of State of New York v Bass*, 119 AD3d 1356, 1357, *lv denied* 24 NY3d 908; *see Matter of State of New York v Michael M.*, 24 NY3d 649, 657-658; *Matter of State of New York v Parrott*, 125 AD3d 1438, 1439-1440, *lv denied* 25 NY3d 911).

Entered:  December 23, 2016                    Frances E. Cafarell
                                              Clerk of the Court