Matter of Luis S. v State of New York (2018 NY Slip Op 07852)





Matter of Luis S. v State of New York


2018 NY Slip Op 07852


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


954 CA 17-00470

[*1]OF LUIS S., CONSECUTIVE NO. 21916, FROM CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE OFFICE OF MENTAL HEALTH, AND NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 






SARAH M. FALLON, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (PATRICK T. CHAMBERLAIN OF COUNSEL), FOR PETITIONER-APPELLANT. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered February 13, 2017 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, adjudged that petitioner is subject to strict and intensive supervision and treatment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Mental Hygiene Law article 10, seeking "an order discharging [him] and/or releasing [him] to the community under a regimen of strict and intensive supervision and treatment" (SIST). He appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a detained sex offender who suffers from a mental abnormality (see § 10.03 [i], [r]), and ordering his release to a regimen of SIST.
Initially, we conclude that petitioner is aggrieved by the order on appeal. It is well settled that a "party who has successfully obtained a[n] . . . order in his [or her] favor is not aggrieved by it, and, consequently, has no need and, in fact, no right to appeal" (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544 [1983]; see Parker v Town of Alexandria, 163 AD3d 55, 58 [4th Dept 2018]). "The major exception to this general rule, however, is that the successful party may appeal . . . from a judgment or order in his [or her] favor if he [or she] is nevertheless prejudiced because it does not grant him [or her] complete relief. This exception would include those situations in which the successful party received an award less favorable than he [or she] sought . . . or a judgment which denied him [or her] some affirmative claim or substantial right" (Parochial Bus, 60 NY2d at 544-545).
Here, we conclude that petitioner is aggrieved by the order because, although Supreme Court granted one of the forms of the relief he requested in the alternative, i.e., release under a regimen of SIST, the primary relief he sought was release to the community without conditions, and the denial of that part of the petition involved a substantial right of petitioner (see Matter of Stateway Plaza Shopping Ctr. v Assessor of City of Watertown, 87 AD3d 1359, 1360 [4th Dept 2011]; Scharlack v Richmond Mem. Hosp., 127 AD2d 580, 581 [2d Dept 1987]; see generally CPLR 5511; Armata v Abbott Labs., 284 AD2d 911, 911 [4th Dept 2001]).
We reject petitioner's contention that the evidence is not legally sufficient to establish that he has a " [m]ental abnormality' " (Mental Hygiene Law § 10.03 [i]), which is defined as a "congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (id.). Respondents' evidence at the hearing consisted of the report and testimony of a psychologist who evaluated petitioner and opined that he suffers from unspecified paraphilic disorder, alcohol abuse in remission in a controlled environment, and drug abuse in remission in a controlled environment, which predispose him to commit sex offenses, and that he has serious difficulty in controlling such conduct. Respondents' expert based her opinions on several factors, including her conclusion that petitioner posed a moderate to high risk of reoffending based on, inter alia, the Violence Risk Scale—Sex Offender Version, a test designed to evaluate an individual's risk of sexual violence (see generally Matter of State of New York v Richard TT., 132 AD3d 72, 74, 77-78 [3d Dept 2015], affd 27 NY3d 718 [2016], cert denied — US &mdash, 137 S Ct 836 [2017]). Respondents' expert also relied on the fact that petitioner has a history of sexually abusing prepubescent females and anally sodomizing them, even while he was in a consensual relationship with an age-appropriate sexual partner; he repeatedly offended in the past, including while he was undergoing sex offender treatment; he previously admitted that he had intense urges or cravings for such acts; and, although he later recanted it, he previously indicated that he engaged in such acts with prepubescent females in addition to those involved in his convictions.
Viewing the evidence in the light most favorable to respondents (see Matter of State of New York v Floyd Y., 30 NY3d 963, 964 [2017]; Matter of State of New York v John S., 23 NY3d 326, 348 [2014], rearg denied 24 NY3d 933 [2014]), we conclude that it is legally sufficient to establish by clear and convincing evidence "the existence of a predicate condition, disease or disorder,' [and to] link that condition, disease or disorder' to a person's predisposition to commit conduct constituting a sex offense and to that person's serious difficulty in controlling such conduct' " (Matter of State of New York v Dennis K., 27 NY3d 718, 726 [2016], cert denied — US &mdash, 137 S Ct 579 [2016]; see Mental Hygiene Law § 10.07 [d]; see generally Matter of Allan M. v State of New York, 163 AD3d 1493, 1494-1495 [4th Dept 2018]).
We also reject petitioner's contention that basing the determination that he has a mental abnormality on a diagnosis of unspecified paraphilic disorder does not comport with the requirements of due process. That diagnosis is contained in the current edition of the Diagnostic and Statistical Manual — Fifth Edition (DSM-5). Although there is limited case law concerning that diagnosis, the Court of Appeals has repeatedly held that basing such a determination on the very similar former diagnosis of paraphilia not otherwise specified (paraphilia NOS) meets the requirements of due process (see Dennis K., 27 NY3d at 733-734; Matter of State of New York v Shannon S., 20 NY3d 99, 106-107 [2012], cert denied 568 US 1216 [2013]), and the diagnosis of unspecified paraphilic disorder has similar diagnostic requirements as the former diagnosis of paraphilia NOS. The former diagnosis was set forth in earlier versions of the DSM, including the DSM-3, the DSM-4, and the DSM-4-TR. When the current version, the DSM-5, was published in 2013, the authors replaced the former diagnosis of paraphilia NOS with, inter alia, unspecified paraphilic disorder (see generally Matter of State of New York v Harris, 48 Misc 3d 950, 951-956 [Sup Ct, Bronx County 2015]). Consequently, we conclude that the rationales in Dennis K. (27 NY3d at 733-734), and Shannon S. (20 NY3d at 106-107), apply to the diagnosis of unspecified paraphilic disorder as well. Petitioner's contention that unspecified paraphilic disorder lacks sufficiently definite characteristics to meet the definition of a mental disorder, and thus that the determination that he has a mental abnormality based upon that diagnosis fails to comport with due process, is without merit. Unspecified paraphilic disorder is a recognized form of paraphilic disorder, and " [t]he essential features of a [p]araphilia are recurrent, intense sexually arousing fantasies, sexual urges, or behaviors generally involving 1) nonhuman objects, 2) the suffering or humiliation of oneself or one's partner, or 3) children or other nonconsenting persons that occur over a period of at least 6 months' " (Matter of State of New York v Donald DD., 24 NY3d 174, 179 n 1 [2014]; see Dennis K., 27 NY3d at 727 n 2; United States v Carta, 592 F3d 34, 40-42 [1st Cir 2010]). Thus, although the Court of Appeals has recognized that "[c]ertain diagnoses may, of course, be premised on such scant or untested evidence and be so devoid of content, or so near-universal in [their] rejection by mental health professionals,' as to be violative of constitutional due process" (Shannon S., 20 NY3d at 106-107), the acceptance of the diagnosis of unspecified paraphilic disorder by mental health professionals, coupled with the [*2]specific features that a mental health professional must find in order to issue that diagnosis, allow it to be used as the basis for a finding of mental abnormality within the meaning of the Mental Hygiene Law without violating the requirements of due process.
In addition, "to the extent that [petitioner] challenges the validity of [unspecified paraphilic disorder] as a predicate condition, disease or disorder,' we need not reach that argument because he did not mount a Frye challenge to the diagnosis" (Dennis K., 27 NY3d at 734; see generally Donald DD., 24 NY3d at 187; Matter of State of New York v David S., 136 AD3d 445, 446 [1st Dept 2016]; Matter of York v Zullich, 89 AD3d 1447, 1448 [4th Dept 2011]; cf. Matter of State of New York v Hilton C., 158 AD3d 707, 709-710 [2d Dept 2018]).
Finally, we reject petitioner's further contention that the determination that he suffers from a mental abnormality is contrary to the weight of the evidence (see generally Matter of State of New York v Stein, 85 AD3d 1646, 1647 [4th Dept 2011], affd 20 NY3d 99 [2012], cert denied 568 US 1216 [2013]; Matter of State of New York v Edward T., 161 AD3d 1589, 1589 [4th Dept 2018]). Although petitioner presented expert testimony that would support a contrary finding, that merely raised a credibility issue for the court to resolve, and its determination is entitled to great deference given its "opportunity to evaluate [first-hand] the weight and credibility of [the] conflicting expert testimony" (Matter of State of New York v Chrisman, 75 AD3d 1057, 1058 [4th Dept 2010]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court