Matter of Philip Q. v State of New York (2021 NY Slip Op 02684)





Matter of Philip Q. v State of New York


2021 NY Slip Op 02684


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


899 CA 19-01206

[*1]OF PHILIP Q., FROM CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE OFFICE OF MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 






SARAH M. FALLON, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (PATRICK T. CHAMBERLAIN OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (Michael L. Dwyer, A.J.), entered May 31, 2019 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, adjudged that petitioner is subject to strict and intensive supervision and treatment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Mental Hygiene Law article 10, petitioner appeals from an order determining that he is a detained sex offender who suffers from a mental abnormality and ordering his release to a regimen of strict and intensive supervision and treatment (see § 10.03 [i], [r]).
We reject petitioner's contention that the evidence is not legally sufficient to establish that he has a " '[m]ental abnormality' " (Mental Hygiene Law § 10.03 [i]), which is defined as a "congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (id.). Respondents' evidence at the hearing consisted of the report and testimony of a psychologist who evaluated petitioner and opined that he suffers from antisocial personality disorder and three substance abuse disorders, and that he possesses a moderate degree of psychopathic traits. The psychologist testified regarding the early onset of petitioner's "recurrent and intense" sexual fantasies and the repetitious and chronic nature of petitioner's offenses over time, and further testified that petitioner continued to commit sexual offenses despite facing legal consequences on prior occasions, and that his score on a VRS:SO test placed him in a high-risk category for recidivism. The psychologist opined that petitioner is predisposed to commit sex offenses and that he has serious difficulty in controlling such conduct. Viewing the evidence in the light most favorable to respondents (see Matter of State of New York v Floyd Y., 30 NY3d 963, 964 [2017]; Matter of State of New York v John S., 23 NY3d 326, 348 [2014], rearg denied 24 NY3d 933 [2014]), we conclude that it is legally sufficient to establish by clear and convincing evidence that petitioner has a mental abnormality (see § 10.03 [i]; see generally Matter of Derek G. v State of New York, 174 AD3d 1360, 1361 [4th Dept 2019]; Matter of Luis S. v State of New York, 166 AD3d 1550, 1551 [4th Dept 2018], appeal dismissed 35 NY3d 985 [2020]; Matter of Suggs v State of New York, 142 AD3d 1283, 1284 [4th Dept 2016]).
Lastly, we reject petitioner's contention that the determination that he suffers from a [*2]mental abnormality is against the weight of the evidence (see generally Matter of State of New York v Stein, 85 AD3d 1646, 1647 [4th Dept 2011], affd 20 NY3d 99 [2012], cert denied 568 US 1216 [2013]). Although petitioner presented expert testimony that would support a contrary finding, that merely raised a credibility issue for Supreme Court to resolve, and its determination is entitled to great deference given its " 'opportunity to evaluate [first-hand] the weight and credibility of [the] conflicting expert testimony' " (Luis S., 166 AD3d at 1554).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court