■ In the Matter of STATE OF NEW YORK, Respondent, v MICHAEL C. BASS, a Patient in the Custody of the Office of Mental Health, Appellant. [989 NYS2d 556]—

Appeal from an amended order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 7, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The amended order, among other things, adjudged that respondent is a dangerous sex offender requiring confinement.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an amended order pursuant to Mental Hygiene Law article 10 determining, following a nonjury trial, that he is a dangerous sex offender (*see* § 10.03 [e]) and directing that he be committed to a secure treatment facility. We affirm.

We reject respondent's contention that the use of hearsay by petitioner's experts denied him due process. Supreme Court properly permitted petitioner's experts, two psychologists, to testify about the conduct to which respondent pleaded guilty, his total number of victims, his offense pattern, particular incidents of uncharged child sexual abuse, and his sexual activity while incarcerated inasmuch as the records of such matters were shown to be reliable based on respondent's convictions or his admissions during the interviews with the experts (*see Matter of State of New York v Floyd Y.*, 22 NY3d 95, 109 [2013]; *see also Matter of State of New York v Anonymous*, 82 AD3d 1250, 1251 [2011], *lv denied* 17 NY3d 702 [2011]; *see generally Matter of State of New York v Wilkes* [appeal No. 2], 77 AD3d 1451, 1452-1453 [2010]). We note in any event that, in this nonjury trial, the court is " 'presumed to be able to distinguish between admissible evidence and inadmissible evidence [and to abide by the limited purpose of hearsay evidence when admitted] and to render a determination based on the former' " (*Matter of State of New York v Mark S.*, 87 AD3d 73, 80 [2011], *lv denied* 17 NY3d 714 [2011]).

Respondent further contends that the evidence is not legally sufficient to establish that he requires confinement. We reject that contention. Petitioner's proof consisted of the testimony of its two experts that respondent suffers from pedophilia. Extensive documentary evidence was admitted consisting of, inter alia, respondent's records from the New York State Department of Correctional Services, New York State Office of Mental Health, presentence investigation of probation, and the United States Air Force. Upon our review of the record, we conclude that the experts' testimony and the documentary evidence established by the requisite clear and convincing evidence that respondent "has a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.07 [f]; *see Matter of State of New York v Stein*, 85 AD3d 1646, 1648 [2011], *affd* 20 NY3d 99 [2012], *cert denied* 568 US —, 133 S Ct 1500 [2013]). Respondent acknowledged in his brief that this Court in *Stein* previously rejected the contentions, raised by respondent herein, that due process requires proof beyond a reasonable doubt and that the clear and convincing evidence standard of proof is unconstitutional. We perceive no reason to depart from our decision in *Stein*. We also reject respondent's contention that remittal is required for the court to consider the possibility of a "least restrictive alternative" in rendering its disposition inasmuch as

there is no such requirement (*see Matter of State of New York v Gooding*, 104 AD3d 1282, 1282 [2013], *lv denied* 21 NY3d 862 [2013]). Finally, respondent's contention that the court's delay in rendering its final determination denied him due process is unpreserved for our review (*see Matter of State of New York v Trombley*, 98 AD3d 1300, 1302 [2012], *lv denied* 20 NY3d 856 [2013]), and we decline to review it in the interest of justice (*see generally Matter of State of New York v Campany*, 77 AD3d 92, 101 [2010], *lv denied* 15 NY3d 713 [2010]). Present—Scudder, P.J., Fahey, Peradotto, Valentino and DeJoseph, JJ.