# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1419**
**CA 13-00982**
PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

JAMES PARROTT, RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL),
FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oswego County (Norman
W. Seiter, Jr., J.), entered March 29, 2013 in a proceeding pursuant
to Mental Hygiene Law article 10.  The order, among other things,
adjudged that respondent is a dangerous sex offender requiring
confinement.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent appeals from an order pursuant to Mental
Hygiene Law article 10 determining, following a nonjury trial, that he
is a dangerous sex offender (*see* § 10.03 [e]) and committing him to a
secure treatment facility.  We affirm.  We reject respondent's
contention that the use of hearsay by petitioner's experts denied him
due process.  Although Supreme Court erred in admitting certain basis
hearsay evidence, i.e., evidence regarding victim statements about
offenses for which respondent was not charged (*see Matter of State of
New York v Charada T.*, 23 NY3d 355, 361-362), the court in this
nonjury trial is " 'presumed to be able to distinguish between
admissible evidence and inadmissible evidence . . . and to render a
determination based on the former' " (*Matter of State of New York v
Mark S.*, 87 AD3d 73, 80, *lv denied* 17 NY3d 714).  Moreover, there is
" 'no reasonable possibility' " that, had the testimony been excluded,
the court would have reached a different determination (*Charada T.*, 23
NY3d at 362).

We reject respondent's further contention that the evidence is
not legally sufficient to establish that he requires confinement.
Petitioner's proof consisted of the reports and testimony of two
psychologists who evaluated respondent.  They opined that respondent
suffers from pedophilia, antisocial personality disorder and

psychopathy, and that as a result of those mental abnormalities respondent has serious difficulty controlling his predisposition to sexually offend against children such that confinement is necessary. Upon our review of the record, we conclude that the experts' reports and testimony established by the requisite clear and convincing evidence that respondent "has a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.07 [f]; *see Matter of State of New York v Bass*, 119 AD3d 1356, 1357). To the extent respondent contends that the determination is against the weight of the evidence, we reject that contention (*see Matter of State of New York v Kennedy*, 121 AD3d 1601, 1601). The court was "in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented" (*Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1144), and we see no reason to disturb the court's decision to credit the testimony of petitioner's experts (*see Kennedy*, 121 AD3d at 1601).

We also reject respondent's contention that his due process rights are violated by confinement because his expert testified that the imposition of a regimen of strict and intensive supervision treatment is the least restrictive alternative; there is no requirement that the court address the least restrictive alternative (*see Bass*, 119 AD3d at 1357-1358; *Matter of State of New York v Gooding*, 104 AD3d 1282, 1282, *lv denied* 21 NY3d 862; *see generally Matter of State of New York v Michael M.*, ___ NY3d ___, ___ [Dec. 17, 2014]). We reject respondent's further contention that he was denied effective assistance of counsel, which is premised upon his claim that he should not have admitted that he had a mental abnormality without some concession by petitioner. We conclude that respondent would not have succeeded if he disputed that issue, and a respondent "is not denied effective assistance of trial counsel merely because counsel [did] not make . . . an argument that ha[d] little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). Viewing the evidence, the law, and the circumstances of this case as a whole and at the time of the representation, we conclude that respondent received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147; *Matter of State of New York v Campany*, 77 AD3d 92, 100, *lv denied* 15 NY3d 713).

Entered:  February 6, 2015                      Frances E. Cafarell
                                                Clerk of the Court