Matter of Derek G. v State of New York (2019 NY Slip Op 05846)





Matter of Derek G. v State of New York


2019 NY Slip Op 05846


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


109 CA 17-01435

[*1]OF DEREK G., CONSECUTIVE NO. 195871, FROM CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE OFFICE OF MENTAL HEALTH, AND NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 






SARAH M. FALLON, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (PATRICK T. CHAMBERLAIN OF COUNSEL), FOR PETITIONER-APPELLANT. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered July 28, 2017 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, directed that petitioner be subject to strict and intensive supervision and treatment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Mental Hygiene Law article 10, seeking an order discharging him and/or releasing him to the community under a regimen of strict and intensive supervision and treatment (SIST). He appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a detained sex offender who suffers from a mental abnormality (see § 10.03 [i], [r]), and ordering his release to a regimen of SIST. We affirm.
Pursuant to our recent decision in Matter of Luis S. v State of New York (166 AD3d 1550, 1552-1553 [4th Dept 2018]), we reject petitioner's contention that basing the determination that he has a mental abnormality on a diagnosis of unspecified paraphilic disorder does not comport with the requirements of due process.
We further reject petitioner's contention that the evidence is not legally sufficient to establish that he has a " [m]ental abnormality' " (Mental Hygiene Law § 10.03 [i]), i.e., a "congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (id.). Respondents' expert testified at the hearing and diagnosed petitioner with antisocial personality disorder (ASPD), unspecified paraphilic disorder, unspecified depressive disorder, and a substance use disorder and alcohol use disorder that were both in remission. The expert identified petitioner as having psychopathic traits, emotional disregulation, and a history of sexual preoccupation. In the expert's opinion, petitioner's array of multiple paraphilic markers, including signs of sexual sadism and evidence of pedophilia, fit best under a diagnosis of unspecified paraphilic disorder and this combination of problems predisposed petitioner to commit sex offenses and resulted in serious difficulty controlling such [*2]conduct. The expert further opined that the unspecified paraphilic disorder and "sexual deviance" were "the green light driving behavior forward," while ASPD, which made petitioner more likely to disregard the rights and needs of others, was "the absence of a red light." Petitioner's depressive disorder led to strong emotional reactivity and irritability, which also affected petitioner's decisions and made him more likely to harm others. Respondents' expert based her opinion on several factors, including petitioner's high-risk score on the Violence Risk Scale—Sex Offender Version, "a test designed to evaluate an individual's risk of sexual violence" (Luis S., 166 AD3d at 1552).
Viewing the evidence in the light most favorable to respondents (see Matter of State of New York v Floyd Y., 30 NY3d 963, 964 [2017]; Matter of State of New York v John S., 23 NY3d 326, 348 [2014], rearg denied 24 NY3d 933 [2014]), we conclude that it is legally sufficient to establish by clear and convincing evidence "the existence of a predicate condition, disease or disorder,' [and to] link that condition, disease or disorder' to a person's predisposition to commit conduct constituting a sex offense and to that person's serious difficulty in controlling such conduct' " (Matter of State of New York v Dennis K., 27 NY3d 718, 726 [2016], cert denied 580 US &mdash, 137 S Ct 579 [2016]; see Mental Hygiene Law § 10.07 [d]).
Finally, we conclude that the determination that petitioner suffers from a mental abnormality is not against the weight of the evidence. The court "was in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented . .
. , and we see no reason to disturb the court's decision to credit the testimony of [respondents'] expert[]" (Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015] [internal quotation marks omitted]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court