Matter of State of New York v Juan U. (2020 NY Slip Op 05613)





Matter of State of New York v Juan U.


2020 NY Slip Op 05613


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


284 CA 18-02042

[*1]IN THE MATTER OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
JUAN U., RESPONDENT-APPELLANT, FOR CIVIL MANAGEMENT PURSUANT TO MENTAL HYGIENE LAW ARTICLE 10. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Christopher S. Ciaccio, A.J.), entered August 30, 2018 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 determining, following a nonjury trial, that he is a dangerous sex offender requiring confinement (see § 10.03 [e]) and committing him to a secure treatment facility. As a preliminary matter, we reject petitioner's contention that the current appeal has been rendered moot by the entry of an order of continued confinement during the pendency of this appeal. Respondent is appealing from an original order of confinement and, as a result, the subsequent order of continued confinement "was affected by the order challenged here, [directing]" his initial confinement (Matter of State of New York v Michael M., 24 NY3d 649, 657 [2014]; cf. Matter of Ernest V. v State of New York, 150 AD3d 1434, 1436 [3d Dept 2017]).
With respect to the merits, respondent contends that he should be given the opportunity to withdraw his consent to a finding of mental abnormality (see Mental Hygiene Law § 10.03 [i]). The record establishes, however, that Supreme Court provided respondent with an opportunity to withdraw his consent to that finding and that respondent declined to do so. By expressly declining the opportunity to withdraw his consent, respondent waived any appellate contention that he should now be afforded the opportunity to do so (see generally Finley v Erie & Niagara Ins. Assn., 162 AD3d 1644, 1645 [4th Dept 2018]; People v Harris, 97 AD3d 1111, 1112 [4th Dept 2012], lv denied 19 NY3d 1026 [2012]).
We reject respondent's contention that the evidence is not legally sufficient to establish that he requires confinement. Petitioner's experts opined that respondent suffers from pedophilia and is sexually attracted to young children. Although he was participating in treatment, respondent made only minimal progress and he lacked a relapse prevention plan. Moreover, when initially released to parole, respondent reoffended by grabbing the buttocks of an 11-year-old girl in a public area. The experts opined that respondent's impulsiveness and opportunistic conduct would make it extremely difficult to prevent a reoffense even if he were released to strict and intensive supervision and treatment (SIST). We thus conclude that petitioner met its burden of establishing by clear and convincing evidence that respondent "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not [*2]confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]; see Matter of State of New York v James R.C., 165 AD3d 1612, 1615 [4th Dept 2019]; Matter of State of New York v Scott W., 160 AD3d 1424, 1425-1426 [4th Dept 2018], lv denied 31 NY3d 913 [2018]). Contrary to respondent's further contention, we conclude that the court's determination that respondent is a dangerous sex offender requiring confinement is not against the weight of the evidence (see James R.C., 165 AD3d at 1615; Scott W., 160 AD3d at 1426).
Although we agree with respondent that one of petitioner's experts at trial relied upon and testified about improper basis hearsay evidence, i.e., evidence concerning offenses for which respondent was never indicted (see generally Matter of State of New York v Charada T., 23 NY3d 355, 361 [2014]), we conclude that reversal is not required. Notwithstanding the improper hearsay basis evidence, there was sufficient admissible evidence before the court from which it could determine that respondent is a dangerous sex offender requiring confinement, and there is " 'no reasonable possibility' " that the court would have reached a different determination had the hearsay evidence been excluded (id. at 362; see Matter of State of New York v John S., 23 NY3d 326, 348 [2014], rearg denied 24 NY3d 933 [2014]; Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]).
Respondent's final contention, i.e., that he was denied effective assistance of counsel, is premised upon his claim that he should not have consented to the finding of a mental abnormality without some concession by petitioner. Although respondent did not receive any discernible benefit from that consent, it was noted by his attorney during the dispositional hearing to support the contention that he could be supervised on SIST. Thus, respondent failed to meet his burden of demonstrating "the absence of strategic or other legitimate explanations for his attorney's alleged deficiencies" (Matter of State of New York v Leslie L., 174 AD3d 1326, 1327 [4th Dept 2019], lv denied 34 NY3d 903 [2019]).
Moreover, respondent "would not have succeeded if he disputed [his consent to a finding of a mental abnormality], and a respondent 'is not denied effective assistance of trial counsel merely because counsel [did] not make . . . an argument that ha[d] little or no chance of success' " (Parrott, 125 AD3d at 1439, quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Viewing "the evidence, the law, and the circumstances of [this] particular case, . . . in totality and as of the time of the representation," we conclude that respondent received meaningful representation (People v Baldi, 54 NY2d 137, 147 [1981]; see Leslie L., 174 AD3d at 1327).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court