Matter of Charles G. v State of New York (2025 NY Slip Op 00574)

Matter of Charles G. v State of New York

2025 NY Slip Op 00574

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

880 CA 23-01925

[*1]IN THE MATTER OF CHARLES G., PETITIONER-APPELLANT,
v
THE STATE OF NEW YORK, RESPONDENT-RESPONDENT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (NATHANIEL V. RILEY OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Joseph E. Lamendola, J.), entered October 25, 2023, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued petitioner's confinement to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he remains a dangerous sex offender requiring confinement under Mental Hygiene Law § 10.03 (e), petitioner contends that Supreme Court's determination, made following an annual review hearing pursuant to section 10.09 (d), is against the weight of the evidence. More specifically, petitioner contends that, although he stipulated to the fact that he "suffers from a mental abnormality" as defined by section 10.03 (i), respondent failed to meet its burden of establishing by clear and convincing evidence (§ 10.09 [h]) that he remains a dangerous sex offender requiring confinement, as opposed to a regimen of strict and intensive supervision and treatment. We reject that contention.
Respondent's expert opined that petitioner continues to require confinement in a secure treatment facility, but an independent psychiatric examiner opined that petitioner no longer required confinement. The court credited the testimony of respondent's expert and, inasmuch as the court " 'was in the best position to evaluate the weight and credibility of the conflicting [expert] testimony,' " we perceive "no reason to disturb the court's decision to credit the testimony of [respondent's] expert[ ]" (Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]; see Matter of State of New York v Connor, 134 AD3d 1577, 1578 [4th Dept 2015], lv denied 27 NY3d 903 [2016]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court